**CHURCH OF SCIENTOLOGY OF CALI-FORNIA, a Non-Profit Corporation, under the laws of California, Plaintiff-Appellant,**

v.

**John McLEAN and Nancy McLean, Defendants-Appellees.**

No. 79–2629
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 18, 1980.

* Fed.R.App.P. 34(a); 5 Cir. R. 18.

Allen L. Jacobi, North Miami, Fla., for plaintiff-appellant.

Baskin & Sears, Robert K. Hayden, Clearwater, Fla., for defendants-appellees.

Before GEE, RUBIN and POLITZ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Church of Scientology of California filed a slander suit against John and Nancy McLean, citizens of Canada and ex-Scientologists. The McLeans are represented by Robert Hayden, a partner in the law firm of Baskin & Sears. Elihu Berman is associated with that law firm and plans to assist Hayden in defending the suit. Before Berman joined that firm, the church had consulted with him about a zoning matter. It has filed a motion to disqualify Berman and the law firm in this suit on the basis that "topics were discussed [with Berman] which are substantially related to the cause of action before the court." The trial judge denied the motion as it related to Hayden and the law firm, and reserved ruling on the motion as it pertained to Berman. Later, he also denied the motion as to Berman. This appeal is from that order; it apparently, therefore, pertains only to the ruling concerning Berman.

Whether an order refusing to disqualify counsel is appealable is an issue now before this court en banc. *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.*, No. 79–2007, *hearing en banc ordered* (5th Cir. Oct. 22, 1979). However, we assume for the moment that there is jurisdiction because, whether or not the appeal applies only to Berman, it is groundless and there is no reason further to delay this case.

■ The church has not offered a scintilla of evidence that any issue in this case was ever discussed with Mr. Berman or that he has any confidential information about it. While lawyers are expected to avoid even the appearance of impropriety, they are not required to sterilize their affairs to avoid baseless charges. A lawyer need not disqualify himself in a matter concerning a former client unless the terminated employment had some substantial relationship to the pending suit or unless he has received some privileged information. *See Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 171–72 (5th Cir. 1979). *Cf. Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir. 1976) (former government attorney is not disqualified from civilian employment in a matter for which he had substantial responsibility in government in absence of reasonable possibility of impropriety.) The church's brief to this court asserts that, during the course of Mr. Berman's consultation with its representative,

information was given to Mr. Berman so that he could assess the problem with which the [church] was faced and certain advice given by Mr. Berman in reference to those problems. After the consultation Mr. Berman billed the Church of Scientology of California and received compensation therefrom.

During this consultation topics were discussed which substantially related to the subject matter of the instant litigation and related to the Clearwater City Commission, including the Ex-Mayor, Gabriel Cazares, who appears on the Defendant's List of Witnesses as is also the case with one Ronald Schultz, the County Property Appraiser. The same hostilities which are the essence of the case sub judice were the very problems which the plaintiff faced in reference to the zoning problems involving the property which they wished to purchase.

There is no evidence in the record concerning these allegations, nor even the proffer of evidence by affidavit or deposition. The one affidavit filed on behalf of the church, by Phillip Park, recites that he is a minister in the church; that he consulted Mr. Berman for 1.25 hours concerning "the interpretation of the City of Clearwater Zoning Code as would relate to the acquirement (sic) of a building for administrative offices by" the church; that Mr. Park apprised Mr. Berman of "certain difficulties" the church had been having in the community "as related to the City Commission, certain people hostile to Plaintiff Church, to include the ex-mayor Gabriel Cazares, the Property Appraiser Ronald Schultz, City Commissioner Richard Tenney." It concludes that "such matters were substantially related to and at issue in the case sub judice," and that some of those named as hostile individuals have been called as witnesses for the defendant. We are left to discern as best we can how this relates to the slander suit, but we are unable to perceive the connection.

■ The rule of disqualification is not mechanically applied in this Circuit. *Brennan's, Inc. v. Brennan's Restaurants, Inc., supra,* 590 F.2d at 173–174. To warrant disqualification under Canon 9 of the Code of Professional Responsibility there must be a showing of a reasonable possibility that some specifically identifiable impropriety occurred and the likelihood of public suspicion must be weighed against the interest in retaining counsel of one's choice. *Id.* at 172.

An attorney's conduct need not be governed by standards that can by imputed only to the most cynical members of the public. A lawyer need not "yield to every imagined charge of conflict of interest, regardless of the merits, so long as there is a member of the public who [says that he] believes it." *Woods v. Covington County Bank, supra,* 537 F.2d at 813.

■ This is a slander suit. In the complaint, the church lists certain statements by the McLeans as defamatory: "Scientology seeks to enslave people," "to build up a sphere of influence," "to become involved politically," and similar utterances. Mr. Berman was consulted on a zoning matter. Though Mr. Park disclosed to Mr. Berman that he was an agent of the church, there is no evidence that he disclosed any information about the church, its property or even the location that the consultation was about. As is apparent from the complaint, the church was much in the news in Clearwater. The alleged disclosure that several community leaders were not favorably disposed toward the church was, according to Mr. Berman's affidavit, already community knowledge upon which he commented to Mr. Park. Even had he previously been oblivious to the community reaction, knowledge of that reaction is not privileged client information; nor is it obviously information which could be used against the church in the slander suit.

It is clear that the subject matter of the zoning consultation is not substantially related to Berman's instant representation of the McLeans. Moreover, the church has not made a showing that there is a reasonable possibility of improper professional conduct arising from Mr. Berman's participation in this case, or that the likelihood of public "obloquy outweighs the social interests" served by the continued participation in this case of counsel of the defendants' choice. *See Woods v. Covington City Bank, supra,* 537 F.2d at 813 n.12.

■ In our considered judgment the appeal is not only without merit but frivolous. The trial court shall assess damages to the appellees caused by the appeal. The damages are to include a reasonable attorney's fee. Appellees shall also be awarded double costs. Fed.R.App.P. 38.

The denial of the motion is AFFIRMED.