**Homer LEMAIRE et al.**

v.

**TEXACO, INC. et al.**

**Civ. A. No. B–79–614–CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

Oct. 3, 1980.

Walter Umphrey, Thomas F. Rugg, Provost, Umphrey, Doyle & McPherson–Port Arthur, Tex., for plaintiffs.

Donald B. McFall, William A. Sherwood, Butler, Binion, Rice, Cook & Knapp–Houston, Tex., for defendants.

MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

Presently before the Court is the Motion of the Defendants, Tenneco, Inc., Tenneco Chemicals, Inc., and Tenneco Oil Company (hereinafter referred to collectively as Tenneco), to disqualify the Plaintiffs' counsel and the Plaintiffs' response thereto. A hearing was held on the Motion August 29, 1980. The relevant facts are as follows.

In August of 1978, Steven M. Rienstra, a member of the Beaumont, Texas, law firm of Rienstra, Rienstra & Dowell, undertook representation of Tenneco. As part of such representation, Mr. Rienstra filed some initial pleadings on behalf of Tenneco in this case, which was filed September 7, 1979. In early February of 1980, Mr. Rienstra disassociated himself from Rienstra, Rienstra & Dowell and joined the firm of Provost, Umphrey, Doyle & McPherson in Port Arthur, Texas. A member of that firm, Mr. Walter Umphrey, is counsel of record for the Plaintiffs in this action. Tenneco filed this Motion urging the Court to disqualify Mr. Umphrey and the firm of Provost, Umphrey, Doyle & McPherson (hereinafter referred to as the Umphrey firm), due to Mr. Rienstra's

connection with that firm and his prior representation of Tenneco in this case.

Before accepting the position with the Umphrey firm, Mr. Rienstra went to great lengths to insure that he would have no connection with any facet of this lawsuit. He recognized that he would be disqualified from representing the Plaintiffs against his former clients, and admitted to the Court that he has no doubt that he personally should not be allowed to do so. Mr. Rienstra made certain that he would receive no part of any attorneys' fees collected in this case and, conversely, would not share in its expenses. Mr. Rienstra and Mr. Umphrey both testified that their agreement as to non–participation has been, and will continue to be strictly observed. Mr. Rienstra refuses to discuss this case with any member of the Umphrey firm and has no knowledge of the status of this case. The Court is well acquainted with both lawyers and is familiar with their reputations for honesty and integrity. There can be no question in the Court's opinion that their testimony is credible.

This lawsuit is extremely complex in nature. It involves novel theories of jurisdiction and liability. It has also been very expensive to prepare. The testimony at the hearing shows that there is no other firm in the Port Arthur area that is qualified or even willing to take on litigation of this magnitude for the Plaintiffs. If the Court were to disqualify the Umphrey firm from appearing in this case, the Plaintiffs would be forced to secure counsel from another city to prosecute their suit.

There is no doubt that Mr. Rienstra is disqualified from representing the Plaintiffs in this suit. The Umphrey firm concedes this much. However, it is not conceded that the entire firm is automatically disqualified, as Tenneco urges. Thus, the Court is faced with the narrow question of whether disqualification of one member of a law firm on the basis of prior representation should require disqualification of all members.

The ground relied upon by Tenneco for disqualifying the Umphrey firm is Canon 9 of the Texas Code of Professional Responsibility, Tex.Rev.Civ.Stat.Ann., Tit. 14, art. 12, § 8, which states that "[a] lawyer should avoid even the appearance of professional impropriety." * The Court agrees with the Plaintiffs that under Canon 9 "[t]he rule of disqualification is not mechanically applied in this Circuit." *Church of Scientology of California v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980). The Fifth Circuit has recently written:

> To warrant disqualification under Canon 9 of the Code of Professional Responsibility there must be a showing of reasonable possibility that some specifically identifiable impropriety occurred and the likelihood of public suspicion must be weighed against the interest in retaining counsel of one's choice.

*Id.* Further,

> [a]n attorney's conduct need not be governed by standards that can by [*sic*] imputed only to the most cynical members of the public. A lawyer need not "yield to every imagined charge of conflict of interest, regardless of the merits, so long as there is a member of the public who [says that he] believes it."

*Id.* (quoting *Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir. 1976)).

The Court cannot help but agree with the Fifth Circuit's observation that these motions are commonly filed for purely dilatory, strategic purposes. *Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir. 1976). Thus, the Court does not look with favor upon the Motion, and would again concur with the Fifth Circuit that

> the more frequently a litigant is delayed or otherwise disadvantaged by the unnecessary disqualification of his lawyer under the appearance of impropriety doctrine, the greater the likelihood of public suspicion of both the bar and the judiciary. An overly broad application of Can-

---

* The Court has considered the other portions of the Texas Code cited by Tenneco in its Motion and finds them inapplicable to the narrow question presented here.

on 9, then, would ultimately be self–defeating. *Id.*

Tenneco cites in its Motion the Seventh Circuit case of *Westinghouse Electric Corp. v. Kerr–McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978), *cert. denied*, 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1979), for the proposition that in these circumstances an irrebuttable presumption arises that Mr. Rienstra disclosed confidences to the members of the Umphrey firm. Apparently, Tenneco has overlooked the more recent case of *Novo Terapeutisk Laboratorium A/S v. Baxter Travenol Laboratories, Inc.*, 607 F.2d 186, 194 (7th Cir. 1979) (en banc), wherein that court recanted of its position in *Kerr–McGee*, writing that "a rote reliance on irrebuttable presumptions may deny the courts the flexibility needed to reach a just and sensible ruling on ethical matters." *Id.* at 197. In that case, as in the case at bar, the evidence is not in conflict; Tenneco does not allege that Mr. Rienstra shared confidences with other members of the Umphrey firm, but relies on its position that the presumption of sharing is irrebuttable; the testimony of Mr. Umphrey and Mr. Rienstra that they did not and will not discuss this case at all is uncontradicted. The presumption of sharing, if one arises under these facts in the Fifth Circuit, "has been clearly and effectively rebutted." *Id.*

The Fifth Circuit case that is most similar on the facts to the case at bar is *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir. 1979). In that case, Mr. Wegmann represented both the plaintiff and the defendant in prior legal matters. After an unfriendly corporate division, Mr. Wegmann elected to continue representation of the defendant and to sever connections with the plaintiff. When the plaintiff filed suit for trademark infringement and unfair competition, Mr. Wegmann hired Mr. Sprung to aid him in the defense of the suit. The plaintiff moved to disqualify both attorneys, Mr. Wegmann on the ground that his present representation was adverse to the interests of the plaintiff, his former client, and Mr. Sprung by imputation of Mr. Wegmann's conflict. The district court granted the motion as to both attorneys. The court of appeals affirmed as to Mr. Wegmann but reversed and remanded as to Mr. Sprung. In so doing, they held that

> [t]he courts have abjured a per se approach to the disqualification of cocounsel of disqualified counsel. In the absence of an attorney–client relationship between Mr. Sprung and plaintiff, a presumption of disclosure of confidences is inappropriate. Mr. Sprung should not be disqualified unless he has learned from Mr. Wegmann information the plaintiff had intended not be disclosed to the defendants.

*Id.* at 174 (citations omitted). Tenneco has made no attempt to show that Mr. Umphrey learned from Mr. Rienstra information that Tenneco had intended not be disclosed to the Plaintiffs, but relies upon the position, based on its erroneous view of Seventh Circuit law, that the presumption of shared confidences is irrebuttable. Indeed, the evidence is uncontradicted that Mr. Rienstra steadfastly continues to refuse to discuss this case with any member of the Umphrey firm. Tenneco has failed to show to the Court's satisfaction that there is a reasonable possibility that some specifically identifiable impropriety did in fact occur. *See Church of Scientology*, 615 F.2d at 693; *Woods*, 537 F.2d at 813.

The Fifth Circuit has warned that this Court is "enjoined not to give Canon 9 an overly broad application and to maintain 'a reasonable balance between the need to ensure ethical conduct on the part of lawyers . . . and other social interests, which include the litigant's right to freely chosen counsel.'" *Brennan's*, 590 F.2d at 173 (quoting *Woods*, 537 F.2d at 810). The Court further finds that any appearance of impropriety is greatly outweighed by the Plaintiffs' right to have the counsel of their choice, Mr. Umphrey. *United States v. Kitchin*, 592 F.2d 900, 904–05 (5th Cir.), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979); *Woods*, 537 F.2d at 813 n. 12; *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751, 753 (2d

Cir. 1975); *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562, 565 (2d Cir. 1973). Under the circumstances of this case, the Court believes that an order disqualifying the Plaintiffs' counsel would be manifestly unfair to the Plaintiffs.

The Court declines Tenneco's invitation to certify this question for immediate appellate review pursuant to 28 U.S.C. § 1292(b). This action is unnecessary in light of the Fifth Circuit's view that an order granting or denying a motion to disqualify counsel is appealable under 28 U.S.C. § 1291. *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.*, 559 F.2d 250, 251 (5th Cir. 1977), *rehearing en banc ordered*, 625 F.2d 718 (1979); *Woods*, 537 F.2d at 809; *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 85 (5th Cir. 1976). It is, therefore,

ORDERED, ADJUDGED and DECREED that Tenneco's Motion to Disqualify Counsel is in all things denied. It is further,

ORDERED, ADJUDGED and DECREED that Tenneco's Motion to Certify the Denial of Its Motion to Disqualify is denied.