**INDUSTRIAL PARTS DISTRIBUTORS, INC., Plaintiff,**

v.

**FRAM CORPORATION, Defendant.**

**Civ. A. No. 80–2172.**

United States District Court, D. Kansas.

Jan. 9, 1981.

Marilyn M. Crabtree and Douglas C. McKenna, Alder, Zemites, Nelson & McKenna, Overland Park, Kan., for plaintiff.

Jerome T. Wolf, Sandra L. Schermerhorn, Curtis E. Woods, Spencer, Fane, Britt & Browne, Kansas City, Mo., John J. Jurcyk, Jr. and J. Nick Badgerow, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant.

## MEMORANDUM & ORDER·

SAFFELS, District Judge.

This case comes before the Court on the motion of plaintiff, Industrial Parts Distributors, Inc. (hereafter IPD), to disqualify attorneys for defendant, Fram Corporation (hereafter Fram). Plaintiff objects primarily to the participation of the law firm of Spencer, Fane, Britt and Browne, but also moves for the disqualification of the firm of McAnany, Van Cleave and Phillips as associating counsel.

IPD is a wholesale distributor of automotive accessories and parts, which is solely owned by Betty L. George and operated by William J. George and Betty L. George. During the years 1969 through early 1978, Spencer, Fane, Britt and Browne represented. various businesses in which William George was a stockholder, director or officer, as well as the Georges personally on at least two occasions. Spencer, Fane, Britt and Browne now represents Fram in the case under consideration.

IPD filed suit against Fram, a manufacturer of automotive parts and accessories, alleging that Fram failed to pay credits due IPD for purchases made from Fram, that Fram interfered with IPD's relationship with its customers, and that Fram unjustifiably terminated its credit arrangements with IPD, all in violation of agreements between Fram and IPD, resulting in loss of sales and customers to IPD and damage to IPD's reputation. Fram subsequently filed suit against IPD in the United States District Court for the District of Kansas, Case No. 80–2197, claiming damages for IPD's failure to pay for goods delivered to IPD and seeking possession of inventory in which Fram had perfected a security interest. These two cases were consolidated by the Court's order of June 12, 1980. In its counterclaim to IPD's original complaint,

Fram added to its previous allegations a claim for discounts improperly obtained by IPD on merchandise purchased from Fram, and claims against William George and Betty George as guarantors of IPD's obligations.

IPD argues that Spencer, Fane, Britt and Browne's representation of Fram is this action in adverse to the interests of the law firm's former clients, the Georges, and violates Canon 4 of the American Bar Association's Code of Professional Responsibility, which mandates preservation of the secrets and confidences of former clients, as well as Canon 9, which forbids even the appearance of impropriety. IPD demands disqualification to prevent the possibility that the law firm might disclose or rely upon confidences imparted to it by the Georges during the prior representation. In fact, IPD alleges that Spencer, Fane, Britt and Browne has already relied upon such confidences in this lawsuit in cross-examination of Mr. George by Jerome Wolf during a hearing held on June 4, 1980, in connection with Fram's application for foreclosure of its security interest.

Fram opposes IPD's motion on the grounds that: (1) Spencer, Fane, Britt and Browne has never represented IPD, and thus the requisite attorney/client relationship is absent; and (2) the law firm's representation of the Georges' personal interests was negligible and did not bear on any issue in this lawsuit. Therefore, Fram argues, even assuming the truth of the facts alleged by IPD, a necessary element for disqualification has not been established, namely, a substantial relationship between the former representation of the Georges by Spencer, Fane, Britt and Browne and the issues in the present lawsuit.

Canon 4 provides:

"A lawyer should preserve the confidences and secrets of a client."

The lawyer's duty outlasts his employment, and courts have construed Canon 4 to prohibit disclosures of confidential communications of former clients. *Emle Industries Inc. v. Patentex, Inc.*, 478 F.2d 562 (2nd Cir. 1973). The principle of protection of a for-

mer client's confidences may prevent an attorney from appearing on behalf of an adversary to that former client in subsequent legal proceedings. *Realco Services, Inc. v. Holt*, 479 F.Supp. 867, 871 (E.D.Pa. 1979). Canon 4 protects only clients against disclosure of confidential information. *R–T Leasing Corp. v. Ethyl Corp.*, 484 F.Supp. 950, 953 (S.D.N.Y.1979). Thus, Fram claims that IPD, which was never represented by Spencer, Fane, Britt and Browne, has no basis for objecting to the law firm's representation of Fram in this action. However, the Court need not decide whether IPD has standing, for we assume that the Georges are joining in the motion; it appears to the Court that the same counsel represents both IPD and the Georges. Accordingly, the Court will treat the motion as though it were submitted by the Georges. If disqualification is required, it must be on the basis of Spencer, Fane, Britt and Browne's prior representation of the Georges and the Georges' control of IPD, or their personal involvement in the present lawsuit. The test to be applied in deciding a motion to disqualify is two-fold: (1) a previous attorney/client relationship between the attorney and the adverse party must be shown; *and* (2) a substantial relationship between the prior representation and the pending suit must be shown. *R–T Leasing Corp. v. Ethyl Corp.*, 484 F.Supp. at 952. It is conceded that an attorney/client relationship existed at one time between Spencer, Fane, Britt and Browne and the Georges. Canon 4 does not apply in every case in which a lawyer represents an adversary of a former client. If the matters in the present representation are totally unrelated to the former representation, no ethical problem exists. *Cannon v. U. S. Acoustics Corp.*, 398 F.Supp. 209, 222–23 (N.D.Ill.1975), *modified* 532 F.2d 1118 (7th Cir. 1976). All parties agree the standard governing disqualification is the substantial relationship test, which was adopted by the Tenth Circuit Court of Appeals in *Redd v. Shell Oil Co.*, 518 F.2d 311, 315 (10th Cir. 1975).

The Second Circuit Court of Appeals has said that in its practical applica-

tion the substantial relationship test is met only on a showing that the *issues* involved in the two representations are "identical" or "essentially the same." *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 740 (2nd Cir. 1978). The Sixth Circuit Court of Appeals has held that a substantial relationship between issues is not necessary, but only a substantial relationship between *matters* embraced in the prior representation and matters embraced in the pending suit. *General Electric Co. v. Valeron Corp.*, 608 F.2d 265, 267 (6th Cir. 1979), *cert. denied* 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). Other cases do not distinguish between "issues" and "matters" in formulating the test. *See, e. g., Church of Scientology of California v. McLean*, 615 F.2d 691 (5th Cir. 1980); *Westinghouse Electric Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224 (7th Cir. 1978). Irrespective of the terms employed in the formulation of the standard, the basic inquiry is whether during the former representation the attorney *might have acquired* privileged information related to the subsequent representation. *Emle Industries Inc. v. Patentex, Inc.*, 478 F.2d at 571. A former client is entitled to the assurance that information disclosed by him to his attorney in confidence will not later be used to his disadvantage. Proof of actual access to or receipt of privileged information is not required to sustain a motion for disqualification. *Government of India v. Cook Industries, Inc.*, 569 F.2d at 740. The mere possibility that privileged information could be used against the former client's interest is enough to require disqualification. To determine whether such a possibility exists, i. e., whether there is a substantial relationship between the two representations, the Court must "examine the facts, circumstances and legal issues" of the previous representation. *Realco Services, Inc. v. Holt*, 479 F.Supp. at 872.

The moving party, of course, has the burden of establishing the existence of a substantial relationship between the prior representation and the pending case, *Fred Weber, Inc. v. Shell Oil Co.*, 566 F.2d 602, 608 n.7 (8th Cir. 1977), although a close case should be decided in favor of disqualifica-

tion. *Fleischer v. A. A. P., Inc.*, 163 F.Supp. 548, 553 (S.D.N.Y.1958), *appeal dismissed* 264 F.2d 515 (2nd Cir. 1959), *cert. denied* 459 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959). Plaintiffs base their claim of a substantial relationship between the two representations on the following facts. The affidavit of William George, dated July 3, 1980, states:

"The law firm of Spencer, Fane, Britt and Browne handled all of my legal affairs, both of a personal and business nature, including but nót limited to labor and employment matters, transfers of stock, preparation and negotiation of leases, contracts, and promissory notes, preparation of corporate minutes and other corporate matters, litigation involving corporations partially or wholly owned by me or my wife, Betty L. George, rendering legal advice regarding various corporate and financial transactions, giving general legal advice regarding the operation of various businesses owned or partially owned by me, and giving numerous other legal services over an approximate eight-year period . . ."

Plaintiffs claim that during Spencer, Fane, Britt and Browne's representation of the Georges and the corporations owned and operated by them, the law firm might have acquired, and did in fact acquire, privileged information related to the present litigation, in particular "Mr. George's methods of business operations," and his "style of operational decision making and business planning." Plaintiffs contend that information gained through Spencer, Fane, Britt and Browne's representation of "several other [George] corporations with identical or very similar distributorship and franchise agreements, identical inventory control procedures and identical posting, invoicing and bookkeeping methods" could be used against IPD to establish "Fram's defense that plaintiffs' claims are fraudulent . . . as well as Fram's counterclaim with regard to discounts received on Government and Certified Fleet Accounts." In addition, plaintiffs assert that during the prior representation Spencer, Fane, Britt and Browne ac-

quired knowledge of the Georges' personal financial situation which the law firm has used against plaintiffs to foreclose Fram's security interest in IPD's inventory. Plaintiffs allege in their suggestions in support of their motion that William George conversed with the law firm regarding the formation of IPD, its feasibility, mode of operation, and financial basis, although plaintiffs concede the law firm did not supervise IPD's incorporation or subsequently represent it. However, Fram points out that William George's affidavit merely states that Spencer, Fane, Britt and Browne "conversed with [him] regarding the formation of Industrial Parts Distributors, Inc. and suggested Kansas counsel for the incorporation of such business."

Fram, in its opposition to the motion to disqualify, and Richard Spencer, in his three affidavits, deny and contradict most of plaintiffs' factual allegations. However, even if we assume the facts alleged are true, the Court agrees with defendant that plaintiffs have not established the existence of a substantial relationship between the previous representation and the case under consideration. The Court finds that any representation of the Georges' general business interests and of corporations owned and operated by them does not bear a substantial relationship to the performance of specific agreements, which is the subject of the instant controversy between IPD and Fram. Applying the test for disqualification, it cannot reasonably be said that in the course of the former representation of the Georges, Spencer, Fane, Britt and Browne might have acquired information related to the present litigation. Plaintiffs have not persuaded the Court that a general knowledge of accounting procedures used by other George corporations and the Georges' personal financial stability, even if acquired by Spencer, Fane, Britt and Browne, might be used to the detriment of IPD or the Georges in this controversy. The Georges' financial condition was relevant to Fram's foreclosure of its security interest in IPD's inventory because the Georges were guarantors of IPD's obligations. However, Spencer, Fane, Britt and Browne's knowl-

edge, if any, ceased in early 1978 with the termination of its representation of the Georges. The issue at the time of Fram's application for foreclosure of its security interest was IPD's and the Georges' financial condition at that time, i. e., June, 1980. Any knowledge conceivably acquired by Spencer, Fane, Britt and Browne regarding the Georges' financial situation prior to 1978 was not relevant to their financial situation in 1980.

Canon 9, which plaintiffs advance as another basis for disqualification of Spencer, Fane, Britt and Browne as defendant's attorneys, provides:

"A lawyer should avoid even the appearance of professional impropriety."

The Court finds that there is no impropriety or appearance of impropriety in Spencer, Fane, Britt and Browne's representation of Fram under the circumstances of this case as outlined to Court. As was said in *Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir. 1976):

"It does not follow, however, that an attorney's conduct must be governed by standards which can be imputed only to the most cynical members of the public. Inasmuch as attorneys now commonly use disqualification motions for purely strategic purposes, such an extreme approach would often unfairly deny a litigant the counsel of his choosing. Indeed, the more frequently a litigant is delayed or otherwise disadvantaged by the unnecessary disqualification of his lawyer under the appearance of impropriety doctrine, the greater the likelihood of public suspicion of both the bar and the judiciary.... Consequently, while Canon 9 does imply that there need be no proof of actual wrongdoing, we conclude that there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur."

Plaintiffs did not demonstrate that there is "a reasonable possibility that some specifically identifiable impropriety did occur." They have only shown the fact of Spencer, Fane, Britt and Browne's previous repre-

sentation of the Georges and present representation of Fram, and that the Georges and Fram are now adversaries in this litigation, but they have been unable to show the required substantial relationship between the two representations. The Court, in *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1295 (2nd Cir. 1975), stated:

> "[C]anon 9, though there are occasions when it should be applied, should not be used promiscuously as a convenient tool for disqualification when the facts simply do not fit within the rubric of other specific ethical and disciplinary rules."

The policy against a casual use of Canon 9 was stated another way in *Realco Services, Inc. v. Holt*, 479 F.Supp. at 872 n.4:

> "... The disruption and prejudice that befall a client whose counsel is disqualified are reasons to avoid a hasty conclusion in favor of disqualification, based merely on a 'doubt' about the propriety of the representation."

The Court concludes there have been no ethical violations of Canons 4 or 9; accordingly, disqualification of Spencer, Fane, Britt and Browne as counsel for defendant Fram will not be required.

Plaintiffs' objection to the participation of the Kansas City, Kansas, law firm of McAnany, Van Cleave and Phillips is based only on that law firm's association with Spencer, Fane, Britt and Browne and the possibility that confidential information imparted to Spencer, Fane, Britt and Browne by the Georges might have been relayed to McAnany, Van Cleave and Phillips. Because of the Court's finding that Spencer, Fane, Britt and Browne need not be disqualified as attorneys in this action, the derivative disqualification of McAnany, Van Cleave and Phillips as associating counsel will not be required.

IT IS THEREFORE BY THE COURT ORDERED that plaintiffs' motion to disqualify attorneys for Fram be, and it hereby is, overruled.