FOOD BROKERS, INC., a Colorado corporation, Plaintiff-Appellee,

v.

The GREAT WESTERN SUGAR COM-PANY, a Delaware corporation, Defendant-Appellant.

No. 83CA0485.

Colorado Court of Appeals, Div. III.

March 22, 1984.

Stuart G. Barr, P.C., Stuart G. Barr, Denver, for plaintiff-appellee.

Kelly, Haglund, Garnsey & Kahn, James W. Hubbell, Edwin S. Kahn, Denver, Keith E. Davis, Dallas, Tex., Charles J. McKnight, Denver, for defendant-appellant.

SILVERSTEIN,* Judge.

Defendant, Great Western Sugar Company (Great Western), appeals a judgment entered, after trial to the court, in favor of plaintiff, Food Brokers, Inc., for unpaid

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

commissions. The only issue presented on appeal is whether the trial court erred in denying Great Western's motion to disqualify Food Brokers' attorney on the ground that the attorney had previously represented Great Western. We affirm the order.

The attorney in question, Stuart Barr, had been senior litigation counsel for Great Western from December 1981 to May 1982. Barr's duties centered around the filing and litigation of lawsuits against brokers who had contracted in 1980 and 1981 to sell sugar for Great Western. Food Brokers entered into contract with Great Western in November 1981. This contract was on a form which differed from those involved in the litigation in which Barr had participated, and Barr had no part in the drafting of the form involved in the instant case. There was no dispute between Food Brokers and Great Western while Barr was at Great Western. Barr was never consulted on the Food Brokers' contract, but Food Brokers provided a witness in one of Barr's cases against another broker.

Barr left Great Western in May 1982, joined Food Brokers in August 1982, and in September 1982, filed this action against Great Western on Food Brokers' November 1981, brokerage contract.

Two months before trial, Great Western moved for Barr's disqualification. In response, Barr submitted his own affidavit and those of several Great Western officers which recited the above facts. There was no other evidence presented by either side. The court denied the motion, finding that Barr had carefully considered the ethical aspects of his position before filing suit and that, under *Silver Chrysler Plymouth, Inc. v. Chrysler Motor Corp.*, 518 F.2d 751 (2d Cir.1975), there were insufficient similarities between the instant case and the cases Barr had handled for Great Western to warrant disqualification.

## I.

Great Western contends that Barr's conduct violated the *Code of Professional Responsibility* Canon 4. The record does not support this contention.

As pertinent here, *Code of Professional Responsibility* DR4–101(B) provides:

"[A] lawyer shall not knowingly:

"(1) Reveal a confidence or secret of his client.

"(2) Use a confidence or secret of his client to the disadvantage of the client.

"(3) Use a confidence or secret of his client for the advantage of himself or of a third person unless the client consents after full disclosure."

Where an attorney-client relationship has existed, it will be presumed that confidences were reposed. *Osborn v. District Court*, 619 P.2d 41 (Colo.1980). However, in order to disqualify an attorney, it must be shown that:

"[T]he controversy involved in the present case is substantially related to a matter in which the attorney previously represented another client." *Osborn, supra.*

In determining whether there is a substantial relationship, similarities between the two factual situations and the legal questions posed must be considered. *Osborn, supra; Silver Chrysler Plymouth, Inc. v. Chrysler Motor Corp., supra.*

The undisputed facts show a lack of similarity here both as to the facts and the legal issues involved. Further, any confidences reposed by Great Western were not germane to the matters here involved. Hence, the trial court correctly determined that, under the facts proven, the prior employment did not require disqualification of the attorney.

## II.

Great Western further asserts that Barr's conduct violated *Code of Professional Responsibility* Canon 9, which states: "A lawyer should avoid even the appearance of professional impropriety." That Canon has no application here.

"To warrant disqualification under Canon 9 of the Code of Professional Responsibility there must be a showing of reasonable possibility that some specifically

identifiable impropriety occurred and the likelihood of public suspicion must be weighed against the interest in retaining counsel of one's choice. *Church of Scientology of California v. McLean,* 615 F.2d 691 (5th Cir.1980)."

. . . .

"Although Canon 9 dictates that doubts should be resolved in favor of disqualification, it is not intended completely to override the delicate balance created by Canon 4 and the decisions thereunder." *Silver Chrysler Plymouth, supra.*

Since there was no evidence of any specific identifiable impropriety and, hence, no violation of Canon 4, there is no basis here for disqualification under Canon 9.

### III.

We find the issues raised by Food Brokers in their answer brief to be without merit.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.