RELIANCE INSURANCE COMPANY, Appellant,

v.

SWEENEY CORPORATION, MARYLAND, Appellee.

No. 85-5718.

United States Court of Appeals, District of Columbia Circuit.

Decided April 21, 1986.

Opinion Issued June 17, 1986.

As Amended June 20, 1986.

Craig B. Dunbar, Washington, D.C., for appellant.

Donald A. Tobin, with whom Andrew F. Dempsey, Washington, D.C., was on brief, for appellee.

Before MIKVA, STARR, and SILBERMAN, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This appeal was originally brought by the Reliance Insurance Company to challenge a summary judgment order by the district court. This court found that appellant's claims were frivolous, and summarily affirmed by an order dated March 12, 1986. In our order, we asked Reliance "and/or" its counsel to show cause why they should not be held accountable for the expenses incurred by appellee in defending this appeal. Reliance did not respond, and on April 21, we held Reliance and its lawyer, Craig Dunbar, jointly liable for $5,220 in appellee's attorneys' fees. *Sweeney Corp. v. Century Construction, et al.*, No. 85-5718 (D.C.Cir. Apr. 21, 1986). The purpose

of this opinion is to explain why the sanction is appropriate.

## I.

■ Appellate courts have the undisputed power to sanction a party who brings a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912 (1982). An appeal is considered frivolous when its disposition is "obvious," and the legal arguments are "wholly without merit." *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984); *see also Johnson v. Allyn & Bacon, Inc.*, 731 F.2d 64, 74 (1st Cir.) (frivolous claims are "unreasonable, or without foundation"), *cert. denied*, — U.S. —, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). When a party brings such an appeal, the court has discretion to award the appellee single or double costs it incurs in defending itself. Fed.R. App.P. 38. Although "costs" do not normally include attorneys' fees, courts have routinely read Rule 38 and 28 U.S.C. § 1912 to include the power to assess reasonable fees against the appellant. *See, e.g., American Security Vanlines v. Gallagher*, 782 F.2d 1056 (D.C.Cir.1986); *Church of Scientology of California v. McLean*, 615 F.2d 691 (5th Cir.1980).

Appellate courts also have the power to sanction lawyers who assist in bringing meritless cases. Any attorney who:

> multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1982). Section 1927 primarily controls a lawyer's conduct in the district court, but it also has been applied to attorneys who, without legal justification, seek appellate review. *See, e.g., McConnell v. Critchlow*, 661 F.2d 116 (9th Cir.1981). While the language of § 1927 suggests deliberate misbehavior, subjective bad faith is not necessary; attorneys have been held accountable for decisions that reflect a reckless indifference to the merits of a claim. *In re TCI Ltd.*, 769 F.2d 441,

445 (7th Cir.1985). We adopt these standards in the case at bar.

The facts before us provide ample justification for sanctioning both attorney and client. Appellee Sweeney is a construction subcontractor that performed work for Century Construction Co. Payment for the work was guaranteed by a Labor and Material Bond, entered into by Century as principal and Reliance as surety. When Sweeney was not paid, it sued both Century and Reliance in district court. That action was stayed while Century and Sweeney took the dispute to arbitration, where Sweeney asked for roughly $239,000 in damages; the arbitration panel awarded $241,000. Although Reliance was aware of the proceeding, it did not participate.

Counsel for Reliance, Mr. Dunbar (who was also Century's lawyer), informed Sweeney that Reliance did not consider itself bound by the arbitrators' decision. Although it acknowledged that normally the surety is bound by an arbitration award against the principal, the insurance company claimed that the $2,000 difference between the request and the award showed that the latter was beyond the scope of the suretyship agreement. After the district court confirmed the award against Century, Sweeney filed a summary judgment motion against Reliance, claiming that the surety was also liable for the award. Reliance filed a conclusory opposition to the motion, unsupported by affidavits, asserting that there were still issues of disputed fact.

Significantly, while Reliance continued to claim that the extra $2,000 proved that the award was for items beyond the scope of the bond, it did not offer any explanation of what the award did represent. Even though Fed.R.Civ.P. 56(e) requires that a party opposing summary judgment set forth *specific* facts to show that judgment is premature, Reliance simply asserted that there was no evidence that the award covered labor and materials. In light of Sweeney's detailed submissions to the contrary, the district judge granted the motion. *Sweeney Corp. v. Century Construction,*

*et al.,* No. 81–0739, mem. op. (D.D.C. Feb. 26, 1985). Reliance then appealed to this court.

Unwilling to surrender, but even more unwilling to develop its legal arguments, Reliance dashed off a six-page appellate brief. In its nearly three pages of argument, Reliance maintained that it was not obligated to reveal any facts to show that the arbitration award might be beyond the scope of the bond; it claimed that it only had to reveal its facts and arguments at trial. Not surprisingly, appellant did not cite any authority for this novel position.

Nor was Reliance's lawyer, Mr. Dunbar, more helpful at oral argument. Even on direct questioning by the panel, Dunbar was unable or unwilling to advance any disputed facts or to explain appellant's secret plan to win the case at trial. He merely indicated that the district court was in error, and that a remand was necessary to resolve the dispute.

This court was unmoved by the force of appellant's conclusions. After affirming the summary judgment order, the panel *sua sponte* ordered Reliance and/or Dunbar to show cause why they should not be sanctioned. *Sweeney Corp. v. Century Construction, et al.,* 786 F.2d 432 (D.C.Cir. 1986). The prospect of a sanction apparently did not concern either lawyer or client, because neither thought it necessary to respond. The order imposing attorneys' fees was promptly granted.

We find that the conduct of Reliance and Mr. Dunbar falls far below the standards expected of litigants and counsel in federal court. Despite numerous chances to present a colorable claim both here and in the district court, neither appellant nor counsel gave us reason to believe that this appeal was brought for any purpose other than to harass and delay. The failure to respond to the show-cause order did little to lessen our suspicions. Appellee should not be forced to endure the expense and anxiety of waiting unnecessarily to have its dispute resolved. With so many worthy claims waiting to be resolved, we cannot tolerate unfounded and undeveloped claims. Sanctions for this behavior are clearly appropriate. *See United States v. Potamkin Cadillac,* 689 F.2d 379 (2d Cir. 1982) (appeal from summary judgment frivolous where arguments conclusory, and unsupported by citations to relevant law).

## II.

We pause to stress two points. First, our decision to impose sanctions is in no way related to the *length* of appellant's brief. To the contrary, this court encourages short, tightly argued briefs in all cases, regardless of their complexity. Future parties may confidently file meritorious briefs as short or shorter than the one filed here without fear of sanction—the only requirement is that the arguments be reasonable and well-developed.

Second, nothing in this opinion should be viewed as diminishing the concept of appeal as of right, or the strong presumption that each party should pay its own fees on appeal. But the notion that appellant has an untrammeled right of review cannot shift the burden of going forward to the appellee. When the appellant files an appeal, he asks for this court's attention. The appellant then has the responsibility to say *something* non-frivolous to indicate why the appeal was taken; it is Reliance's failure to say anything that leads us to conclude that this appeal is frivolous.

Imposing a sanction of this sort is a serious step. But when the facts are as clear as they are in this case, the only appropriate response is to hold appellant and counsel jointly liable for the appellee's attorneys' fees.