T.C. Memo. 2015-207

UNITED STATES TAX COURT

WILLIAM D. TRUMBLY, JR. AND VICKY B. WOOD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17380-07L.                    Filed October 26, 2015.

<u>Robert Bryan Perry</u>, for petitioners.

<u>Cindy L. Wofford</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent sent petitioners a Notice of Determination

Concerning Collection Action(s) Under Section 6320 and/or 6330[1] (notice of

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] determination) in which respondent determined to sustain a lien filing with respect to petitioners' unpaid tax liabilities for 1997-99 and 2001-04 (years at issue). In response, petitioners petitioned the Court under section 6320 to review respondent's determination to sustain the lien filing. A trial was held on June 18, 2009, in Dallas, Texas. Shortly after trial, on August 10, 2009, petitioners filed a bankruptcy petition under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Eastern District of Texas (bankruptcy court), case No. 09-42554. On October 8, 2014, the bankruptcy court issued a discharge order. The issues for decision are: (1) whether petitioners' claim that respondent abused his discretion in deciding to sustain the lien filing is moot; and (2) whether we should impose sanctions on respondent pursuant to section 6673(a)(2) for the actions of his counsel.

## FINDINGS OF FACT

I.    Background

The tax liabilities at issue arose from underpayments of petitioners' Federal income tax for the years at issue. In 2005 petitioners submitted an offer-in-compromise (OIC) based on doubt as to collectibility of $1,000 to the Internal Revenue Service (IRS) to settle their outstanding tax liabilities for the years at issue. On September 26, 2006, an IRS offer specialist rejected petitioners' OIC

**[*3]** because their reasonable collection potential exceeded their $1,000 offer amount.

On October 18, 2006, petitioners appealed the rejection of their OIC to the IRS Appeals Office (Appeals). On November 17, 2006, Appeals mailed petitioners a letter confirming receipt of their OIC appeal. On the same day the IRS assigned petitioners' OIC appeal to Settlement Officer Morrison. Settlement Officer Morrison thereafter created a case activity record (CAR/OIC) to memorialize what took place during processing of petitioners' OIC appeal.

II.    Collection Due Process (CDP) Hearing

On October 31, 2006, the IRS mailed petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to their outstanding tax liabilities for the years at issue. On November 10, 2006, petitioners' counsel, Robert Bryan Perry,[2] submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the notice of Federal tax lien (NFTL). On the Form 12153 Mr. Perry indicated that the amounts listed in the NFTL were in error and that respondent had failed to comply with the provisions of section 6320.

---

[2] Mr. Perry held a power of attorney for petitioners and represented them during the CDP hearing.

**[*4]** On February 12, 2007, the IRS assigned petitioners' CDP hearing to Settlement Officer Morrison. Settlement Officer Morrison and Mr. Perry conducted a CDP hearing via correspondence and telephone. During the CDP hearing Settlement Officer Morrison created a second case activity record (CAR/CDP) and used it concurrently with the CAR/OIC. In maintaining her case activity records she would routinely copy and paste entries from one to the other but on occasion would inadvertently fail to transfer one entry to the other record. Thus, although similar in many respects, the case activity records contain different entries.

On July 2, 2007, the IRS issued petitioners a notice of determination sustaining the filing of the NFTL and the rejection of their OIC for the years at issue. Petitioners, while residing in Texas, timely petitioned this Court for review of the notice of determination.

III. After the CDP Hearing

On June 1, 2009, Settlement Officer Morrison executed a written declaration, under penalties of perjury, stating inaccurately that the administrative record consisted of 88 exhibits, all of which she attached to her declaration. Although the CAR/OIC was part of the administrative record, Settlement Officer Morrison inadvertently failed to attach it as an exhibit to her declaration.

**[\*5]**  Sometime after the CDP hearing, the IRS lost the CAR/OIC.  Respondent's counsel, Cindy L. Wofford, did not provide the CAR/OIC to Mr. Perry during the discovery process as she was not aware that it existed.  On June 11, 2009--one week before trial--Settlement Officer Morrison found the lost CAR/OIC and emailed it to Ms. Wofford.  Ms. Wofford did not closely scrutinize the CAR/OIC when she received it and, as a result, failed to realize that it materially differed from the CAR/CDP, which had already been provided to Mr. Perry.  Ms. Wofford faxed the CAR/OIC to Mr. Perry on Friday evening, June 12, 2009.

A trial was held on June 18, 2009, in Dallas, Texas.  After trial petitioners moved to impose sanctions on respondent pursuant to section 6673(a)(2) on the basis that Ms. Wofford knowingly concealed the CAR/OIC from them during discovery and tried to use Settlement Officer Morrison's declaration at calendar call even though she knew it was false.  Also after trial, petitioners filed a bankruptcy petition under chapter 13 of the Bankruptcy Code.  On October 8, 2014, the bankruptcy court issued a discharge order.

OPINION

I.  Respondent's Determination To Proceed With Collection

Section 6320(a) requires the Commissioner to provide to the taxpayer an NFTL within five business days after a tax lien is filed.  A taxpayer receiving an

[*6] NFTL has several hearing rights. See sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including collection alternatives, which may include an OIC. After the hearing, an Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives the taxpayer proposed and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. See sec. 6330(c)(3). Section 6330(d)(1) grants this Court jurisdiction to review the determination made by Appeals in connection with the hearing.

We need not address whether respondent abused his discretion in deciding to sustain the lien filing. After the filing of their Tax Court petition, petitioners filed for bankruptcy, and they subsequently received a discharge of their tax liabilities for the years at issue. Thus, there is no longer any need for the collection action. Accordingly, we hold that the bankruptcy discharge renders this issue moot, and we will dismiss it as such. However, we must still decide whether we should impose sanctions on respondent pursuant to section 6673(a)(2) for the actions of his counsel.

**[\*7]** II.      <u>Sanctions Under Section 6673(a)(2)</u>

After trial petitioners moved to impose sanctions on respondent pursuant to section 6673(a)(2) for the actions of respondent's counsel. Section 6673(a)(2) provides this Court with the discretion to award costs, expenses, and attorney's fees if counsel "unreasonably and vexatiously" multiplies any proceedings before us.

Section 6673(a)(2) does not specify what actions constitute unreasonable and vexatious conduct. Section 6673(a)(2) is modeled after 28 U.S.C. sec. 1927 (2006), and the Court has relied on cases arising under 28 U.S.C. sec. 1927 to ascertain the level of misconduct justifying sanctions under section 6673(a)(2). <u>See</u> <u>Takaba v. Commissioner</u>, 119 T.C. 285, 297 (2002) ("The interpretation given section 6673(a)(2) and 28 U.S.C. sec. 1927 (1988) has historically been the same."); <u>Harper v. Commissioner</u>, 99 T.C. 533, 545 (1992).

While most of the U.S. Courts of Appeals have required a showing of bad faith before awarding costs under 28 U.S.C. sec. 1927, a few have required only a showing of recklessness, a lesser degree of culpability. <u>Takaba v. Commissioner</u>, 119 T.C. at 297. Among those few are both the Court of Appeals for the District of Columbia Circuit, <u>see</u> <u>Reliance Ins. Co. v. Sweeney Corp.</u>, 792 F.2d 1137, 1138 (D.C. Cir. 1986), and the Court of Appeals for the Sixth Circuit, <u>see</u> <u>Red Carpet</u>

[*8] Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006).  The Court of Appeals for the Sixth Circuit has expressed the standard for awarding costs under 28 U.S.C. sec. 1927 as follows:  "[A]n attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings."  Id.  In support of that standard, the Court of Appeals cites United States v. Wallace, 964 F.2d 1214, 1220 (D.C. Cir. 1992), a case of the Court of Appeals for the District of Columbia Circuit.

Petitioners argue that we should impose sanctions because respondent's counsel knowingly concealed the CAR/OIC from opposing counsel during discovery and tried to use Settlement Officer Morrison's declaration at calendar call even though she knew it was false.  Petitioners' motion for sanctions is without merit.  Respondent's counsel was not aware at the time of the calendar call or at trial that the CAR/OIC was materially different from the CAR/CDP attached to the declaration.  Thus, petitioners' charge that respondent's counsel knew at calendar call that Settlement Officer Morrison's declaration was false is not an accurate characterization of her knowledge.  Moreover, although respondent's counsel failed to exchange the CAR/OIC during discovery, the record does not suggest that her failure was a knowing one.  It is true that she should have been

**[*9]** more vigilant when reviewing the CAR/OIC upon receipt and, in failing to do so, committed an error in judgment. The record, however, does not suggest that her conduct was unreasonable and vexatious under either the bad faith standard or the recklessness standard. Accordingly, we will deny petitioners' motion for sanctions.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.