**PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

SEIU United Healthcare Workers–West, Intervenor

No. 15-1155

Consolidated with 15-1283

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed: 11/16/2016

Jedd Mendelson, Attorney, Littler Mendelson PC, Washington, DC, Robert Frederick Millman, Esquire, Attorney, Littler Mendelson PC, Los Angeles, CA, for Petitioner (Case No. 15-1155).

Usha Dheenan, Linda Dreeben, Deputy Associate General Counsel, Meghan Brooke Phillips, Esquire, John H. Ferguson, Associate General Counsel, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent (Case No. 15-1155).

Bruce Harland, David A. Rosenfeld, Weinberg Roger & Rosenfeld, Alameda, CA, for Intervenor for Respondent (Case No. 15-1155).

Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, Meghan Brooke Phillips, Esquire, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Petitioner (No. 15-1283).

Jedd Mendelson, Attorney, Littler Mendelson PC, Washington, DC, Robert Frederick Millman, Esquire, Attorney, Littler Mendelson PC, Los Angeles, CA, for Respondent (No. 15-1283).

Before: Rogers, Tatel and Griffith, Circuit Judges.

## JUDGMENT

Per Curiam

This case was considered on the record from the National Labor Relations Board and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the petition for review be **DENIED** and the Board's cross-application for enforcement be **GRANTED.**

Parkview Community Hospital Medical Center ("Parkview") requests that we set aside the results of an election in which a unit of Parkview employees voted to certify Service Employees International Union, United Healthcare Workers-West ("Union") as its collective-bargaining representative. We reject Parkview's request because substantial evidence supports the

National Labor Relations Board's ("Board") decision to validate the election.

In early 2014, the Union petitioned to serve as the collective-bargaining representative of a unit of Parkview employees. Parkview and the Union agreed to hold a Board-supervised election, and the Union prevailed in that election by a vote of 251 to 190. In response, Parkview filed objections to the election, all of which were rejected by a Board Hearing Officer after an evidentiary hearing. The Board adopted the Hearing Officer's findings and recommendations in full.

Still protesting the election results, Parkview refused to bargain with the Union even after the Union received Board certification. The Union accordingly filed an unfair labor practice charge with the Board. After finding that Parkview had violated Section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5), the Board ordered Parkview to bargain with the Union. Parkview then filed this petition for review of the Board's decision and order, and the Board cross-applied for enforcement. The Union intervened to defend the Board's order.

"[O]ur role in reviewing decisions of the [Board] is limited. We will set aside the Board's decision only if [it] 'acted arbitrarily or otherwise erred in applying established law to the facts at issue, or if its findings are not supported by substantial evidence.'" *Waterbury Hotel Management, LLC v. NLRB*, 314 F.3d 645, 650 (D.C. Cir. 2003) (quoting *Plumbers & Pipe Fitters Local Union No. 32 v. NLRB*, 50 F.3d 29, 32 (D.C. Cir. 1995)). Credibility determinations made by hearing officers and adopted by the Board "may not be overturned absent the most extraordinary circumstances such as utter disregard for sworn testimony or the acceptance of testimony which is on its fac[e] incredible." *E.N. Bisso & Son, Inc. v. NLRB*, 84 F.3d 1443, 1445 (D.C. Cir. 1996) (quoting *Amal-*

*gamated Clothing & Textile Workers Union v. NLRB*, 736 F.2d 1559, 1563 (D.C. Cir. 1984)) (alteration in original). "On questions regarding representation, we accord the Board an especially wide degree of discretion." *U–Haul Co. of Nevada v. NLRB*, 490 F.3d 957, 961 (D.C. Cir. 2007) (quoting *Canadian American Oil Co. v. NLRB*, 82 F.3d 469, 473 (D.C. Cir. 1996)).

With this highly deferential framework in mind, we turn to Parkview's four objections to the propriety of the election. To invalidate an election, "[t]he objecting party must show not only that improper acts occurred, but also that those acts created such an environment of tension and coercion 'as to have had a probable effect upon the employees' actions at the polls' and to have 'materially affected the results of the election.'" *Swing Staging, Inc. v. NLRB*, 994 F.2d 859, 861–62 (D.C. Cir. 1993) (quoting *Amalgamated Clothing Workers of America v. NLRB*, 424 F.2d 818, 827 (D.C. Cir. 1970)).

First, Parkview alleges that Board agents mismanaged the voter list and thereby allowed employees to vote multiple times. The Hearing Officer rejected this claim, refusing to credit testimony from Parkview's election observers over testimony from actual voters, and characterizing one incident that led to a challenged ballot as a "simple mistake." Parkview spills much ink asking us to revisit the Hearing Officer's factual and credibility determinations on this issue, but no extraordinary circumstances justify such an expedition.

Second, Parkview objects to a comment made by a Board agent overseeing the election, contending that it "demonstrates a failure to ensure a fair election process." Petitioner's Br. 38. After Board agents were instructed to require identification from voters unknown to observers from both parties, a Board agent allegedly told a voter, "[i]f you have identification show

it; if you don't, don't worry about it." The Hearing Officer found that this hearsay statement provided no indication that Board agents would have disregarded the proper procedure of directing voters without identification to cast challenged ballots. Parkview gives us no basis for disturbing this factual finding.

█ Third, Parkview objects to the Union swapping one observer for another in the midst of the first voting session, asserting that the switch gave the Union more observers than Parkview in breach of their election agreement. Finding that the switch took "no longer than a minute and [that] there is no evidence that voters were around to witness [it]," the Hearing Officer saw nothing objectionable about the Union's brief exchange of observers. Substantial evidence supports the Officer's findings.

█ Fourth, Parkview claims that the Union misrepresented the level of employee support for its cause by distributing a misleading flyer. Specifically, the Union posted and disseminated a flyer stating that a "strong majority" of employees would be voting for the Union. That flyer included the names and photographs of two employees—implying that they planned to vote for the Union—even though the Union failed to obtain permission to use their names and likenesses.

The Board has analyzed similar cases under two standards: (1) the *Midland* standard, which establishes that an election may be set aside on the basis of misleading statements only if "a party has used forged documents which render the voters unable to recognize propaganda for what it is," *Midland National Life Insurance Co.*, 263 N.L.R.B. 127, 133 (1982); and (2) the *Van Dorn* standard, which provides that an election may be set aside "where no forgery can be proved, but where the misrepresentation is so pervasive and the deception so artful that employees will be

unable to separate truth from untruth and where their right to a free and fair choice will be affected," *Van Dorn Plastic Machinery Co. v. NLRB*, 736 F.2d 343, 348 (6th Cir. 1984). Some dissenting Board members in recent decisions, however, have taken the position that the *Midland* and *Van Dorn* standards should not apply in cases where "a union has publicized employees' intended votes." *Durham School Services, LP*, 360 N.L.R.B. No. 108, at 5 (2014) (Member Miscimarra, dissenting in part); *see also In re Enterprise Leasing Co.–Southeast, LLC*, 357 N.L.R.B. 1799, 1803 (2011) (Member Hayes, dissenting in part). Such cases call for a different standard, they contend, because publicizing an employee's intended vote not only risks misrepresentation—the evil that *Midland* and *Van Dorn* target—but also threatens ballot secrecy and implicitly coerces voters—evils for which *Midland* and *Van Dorn* arguably fail to account. *See id.*

Yet we cannot address this argument because Parkview has waived it. *See Southwest Airlines Co. v. Transportation Security Administration*, 554 F.3d 1065, 1072 (D.C. Cir. 2009) (explaining that a party "waive[s] [an] argument by failing to make it"). In its reply brief, Parkview makes clear that it "has relied *only* upon the *Van Dorn* standard and contends thereunder that the [Union] engaged in pervasive misrepresentation and artful deception in distributing its campaign flyer." Petitioner's Reply Br. 11. Accordingly, *Midland* and *Van Dorn* apply, and under either standard, the Board reasonably concluded that Parkview's objections to the flyers fail. By using the employees' photographs and names without permission, the Union did not "forge[] documents," *Midland*, 263 N.L.R.B. at 133, and any misrepresentation that occurred was not "so pervasive" as to jeopardize employees' "right to a free and fair choice," *Van Dorn*, 736 F.2d at 348.

Finally, one loose end demands our attention. The Union, as intervenor, urges the court to award the Board and Union attorneys' fees and double costs, on the ground that Parkview's appeal is "frivolous." *See* FED. R. APP. P. 38. But because Parkview's arguments, though unavailing, are not "wholly without merit," *Reliance Insurance Co. v. Sweeney Corp.*, 792 F.2d 1137, 1138 (D.C. Cir. 1986) (quoting *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir. 1984)), we decline to award fees or costs in this case.

For the foregoing reasons, we deny Parkview's petition for review and grant the Board's cross-application for enforcement.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.