# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EIG ENERGY FUND XIV, L.P., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | Civil No. 1:16-cv-00333 (APM) |
| ) | |
| **PETRÓLEO BRASILEIRO S.A.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Defendant Petróleo Brasileiro S.A. ("Petrobras") has asked the court to stay these proceedings pending its appeal of the court's denial of summary judgment on the grounds of sovereign immunity. Def.'s Mot. to Stay Dist. Ct. Proc. Pending Appeal, ECF No. 203 [hereinafter Def.'s Mot.]. Reluctantly, the court agrees it must stay this matter pending the outcome of Petrobras's appeal.

The court's ruling is "final" for purposes of 28 U.S.C. § 1291. The D.C. Circuit has held that "[t]he denial of a motion to dismiss on the ground of sovereign immunity satisfies all three [collateral order] criteria, and is therefore subject to interlocutory review." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004). Those criteria are: whether the order "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). A denial of summary judgment on immunity grounds satisfies each element. Indeed, the court discerns no material difference in the finality analysis as

between a denial of immunity on a motion to dismiss versus a motion for summary judgment. The court therefore rejects Plaintiffs' contention that the court's decision on immunity is not an immediately appealable order. *See* Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot., ECF No. 204 [hereinafter Pls.' Opp'n], at 7–11.[1]

Nor can the court retain jurisdiction, as Plaintiffs urge, on the ground that Petrobras's appeal is "frivolous." *See id.* at 2–7. "An appeal is considered frivolous when its disposition is 'obvious,' and the legal arguments are 'wholly without merit.'" *Reliance Ins. Co. v. Sweeney Corp., Maryland*, 792 F.2d 1137, 1138 (D.C. Cir. 1986). Although the court doubts Petrobras's prospects on appeal, it cannot say that its outcome is "obvious" or that Petrobras's arguments are "wholly without merit."

Accordingly, Petrobras's motion is granted. This matter shall be stayed until the D.C. Circuit resolves Petrobras's appeal.

Dated: October 26, 2022

Amit P. Mehta
United States District Court Judge

---

[1] The court does not find persuasive the parties' efforts to analogize this case to the denial of qualified immunity on summary judgment, *see* Def.'s Mot. at 1–2; Pls.' Opp'n at 8–9, particularly when the D.C. Circuit already has deemed a refusal to dismiss on sovereign immunity grounds satisfies the collateral order criteria. *Kilburn*, 376 F.3d at 1126.