**WARPAR MANUFACTURING CORP., et al., Plaintiffs,**

v.

**ASHLAND OIL, INC., et al., Defendants.**

No. C78–1562.

United States District Court, N.D. Ohio, E.D.

Dec. 21, 1984.

See also 102 F.R.D. 749.

Larry K. Elliott, Cloyd R. Mellott, Edwin L. Klett, Eckert, Seamans, Cherin, Mellott, Pittsburgh, Pa., for plaintiffs.

Michael Gallagher, Gallagher, Sharp, Fulton, Norman & Mollison, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION

DOWD, District Judge.

On July 9, 1984, approximately six weeks before this protracted litigation was scheduled for trial on a bifurcated basis, the plaintiffs filed a motion to disqualify defendants' counsel, Gallagher, Sharp, Fulton and Norman (hereinafter GSFN), from further participation on behalf of defendants.

The motion for disqualification arises from a unique set of circumstances. Stated simply, it is the plaintiffs' contention that the defense by GSFN of plaintiffs' counsel in a malpractice action subsequently filed by the plaintiffs against plaintiffs' counsel requires disqualification of GSFN pursuant to canons 4, 5 and 9 of the Code of Professional Responsibility.

The salient facts are not in dispute. On November 21, 1978, the initial complaint in this action was filed on behalf of the plaintiff Warpar Manufacturing Company (hereinafter Warpar), against the defendant by Warpar's initial counsel, Mr. Lewis Einbund (hereinafter Einbund) of the law firm of Sindell, Selker and Rubenstein of Cleveland, Ohio. GSFN promptly entered the lawsuit on behalf of the defendants Ashland Oil Inc., and Ashland Petroleum Company (hereinafter Ashland), obtained leave to move or plead and file an answer for the defendants January 18, 1979. Thereafter, a great deal of pretrial skirmishing ensued including the filing of an amended complaint which named as a new party plaintiff

Randustrial Corporation (hereinafter Randustrial).[1]

On June 25, 1981, two and a half years after the complaint was filed, Einbund was granted leave to withdraw as counsel for Warpar and Randustrial. Howard Fishkin, who apparently was initially associated with Einbund in the prosecution of the complaint, withdraw as counsel for plaintiff on November 9, 1982. Attorney Anthony J. DiVenere entered and withdrew as counsel for the plaintiff on March 25, 1982. Dan L. McGookey and James E. McGookey of the law-firm of Lucal, Pfefferle and McGookey of Sandusky, Ohio, entered the case on behalf of the plaintiffs in 1982. Later, in 1984, G. Richard Gold of the law firm of Eckert, Seamans, Cherin and Mellott of Pittsburgh, entered the case on behalf of plaintiffs as co-counsel with the McGookeys.

The precipitating action upon which the motion for disqualification is based, commenced on March 8, 1982, when Randustrial, Warpar, and others as plaintiffs filed a complaint in the Common Pleas Court of Cuyahoga County, Ohio, against the law firm of Sindell, Sindell, Selker, Rubenstein, Einbund, & Pavlik, and against Einbund individually.[2] The complaint, while alleging in general terms, negligent representation in numerous legal matters, failed to disclose the pending action against Ashland by Warpar and Randustrial nor was Einbund's handling of the Ashland case included within the several allegations of misconduct made by the plaintiffs against Einbund.

Einbund's carrier for malpractice insurance retained GSFN to defend Einbund. George Stuhldreher of GSFN was assigned to Einbund's defense. The March 2, 1982 malpractice complaint against Einbund was signed as counsel by Dan L. McGookey, who later in September of 1982, became counsel of record for Warpar and Randustrial in the action against Ashland.

On June 1, 1982, Stuhldreher of GSFN filed a motion to make certain in the Einbund litigation and the motion was sustained on June 30, 1982. Subsequently, a definite statement was filed by McGookey which for the first time identified the instant action as included within the broad allegations in the March 8, 1982, complaint. *See* appendix 2.[3]

The plaintiffs' initial brief filed in support of the motion to disqualify focuses on the fact that because GSFN represented Einbund in the malpractice action, the firm had access to the plaintiffs' corporate documents and records, Einbund's trial strategies, privileged communications between Einbund and plaintiffs' representatives and Einbund's work product including his mental impressions, conclusions and opinion, which were instrumental in the conduct and planning of the Ashland case. The plaintiffs contend that there is a taint connected to GSFN's improper simultaneous representation of Einbund and Ashland Oil and only disqualification and denial of access to GSFN's firm's work product can even begin to remove the taint.

It is the duty of a federal district court to supervise the members of its bar. *NCK Organization, LTD v. Bregman*, 542 F.2d 128, 131 (2d Cir.1976). The Court in the exercise of its duty must support "the strong public interest in preserving client conferences in the integrity of the litigation process." *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 571 F.2d 390, 399 (7th Cir.1978).

1. The case was initially assigned to Judge Leroy J. Contie, Jr. On May 22, 1980, Judge Contie reassigned the case to Judge George White. The order reassigning the case to Judge White was the 73rd separately numbered document filed to date in the action. On October 15, 1982, the case was reassigned to this Court and the order of reassignment was numbered 159. The July 9, 1984, motion to disqualify defendant's counsel is numbered 256.

2. A copy of the complaint is attached as appendix 1.

3. The definite statement was filed sometime after June 30, 1982 and before August 17, 1982 when an answer was filed by Stuhldreher on behalf of Einbund.

In its initial brief and in support of the motion to disqualify, the plaintiff relies heavily upon *Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir.1975). In *Hull* a law firm, on behalf of a Celanese employee brought a single sex discrimination suit against Celanese. Donata A. Delulio, an attorney with the corporate legal staff of Celanese was assigned to work on the *Hull* case. During her participation, Delulio determined that she was also a victim of sex discrimination by the Celanese Corporation and approached the law firm representing Hull and inquired whether the law firm would also represent her. Hull's law firm then filed a motion seeking permission for Delulio to intervene as a plaintiff in the suit brought against Celanese. Celanese filed a motion to disqualify Hull's law firm. The trial court denied the motion to intervene and disqualified counsel for Hull. On appeal, the Second Circuit observed that had Delulio changed law firms, that is from the Celanese corporate legal staff to the law firm representing Hull, then counsel for Hull would clearly have been disqualified. The fact that Delulio joined as it were, the law firm as a client, was no less damaging and the Court held that " 'where it can be reasonably be said that in the course of the former representation the attorney might have acquired information relating to the subject matter of a subsequent representation,' it is the Court's duty to order the attorney disqualified," Id. at 572, *citing Emle Industries Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir.1973). It is the plaintiffs' contention that while the fact situation in this case is novel, it is similar philosophically to the fact situation in *Hull* and the same results should obtain, i.e., disqualification.

Defendants dispute the *Hull* application and contend that the decision in *Meyerhofer v. Empire Fire & Marine Insurance Co.*, 497 F.2d 1190 (2d Cir.1974), *cert. denied* 419 U.S. 998, 95 S.Ct. 314, 42 L.Ed.2d 272 (1974), is the more applicable fact situation to the one at hand. In *Meyerhofer*, the Second Circuit reversed the trial court's disqualification of plaintiffs' counsel in the following fact situation. Plaintiffs Meyer-

hofer and Federman had purchased stock of the defendant Empire Fire and Marine Insurance Company and subsequently alleged that the registration statement and prospectus under which the Empire stock had been issued was materially false and misleading and filed a suit against Empire and the law firm involved in the public offering of the 500,000 shares of Empire's stock. Stewart Goldberg, the managing underwriter employed by Empire's law firm, was named as one of the defendants in the class action brought by Meyerhofer and Federman. Although no service was initially made on Goldberg, he was advised by telephone that he had been made a defendant. Goldberg contacted the law firm representing the plaintiffs and requested an explanation of the nature of the charges against him. Goldberg requested and was given the opportunity to prove to the satisfaction of plaintiffs' counsel his non-involvement in the arrangements which had led to the flawed issuance of Empire stock as alleged by plaintiffs. Goldberg met with counsel for the plaintiffs and delivered a copy of a lengthy affidavit, that he previously had filed with the Security Exchange Commission, which explained his conduct with the law firm responsible for the registration statement and other forms filed in connection with the public issue of the stock. Goldberg acted after his law firm refused Goldberg's insistence that a complete disclosure of the attorney fees paid with respect to the Empire offering should be made as subsequently claimed in the class action against Empire.

The law firm representing the plaintiffs, after considering Goldberg's affidavit, dropped him from the lawsuit. The district court agreed with Empire's position that Goldberg's explanation to plaintiffs' law firm required the barring of further participation in the action by plaintiffs' law firm given Canons 4 and 9 of the Code of Professional Responsibility.

In reversing the district court with respect to plaintiffs' law firm's participation, the court focused on the disciplinary rules

in connection with Canon 4 and in particular Rule DR4–101(C)(4) which states:

(C) a lawyer may reveal:

... (4) conferences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct.

Based upon the foregoing rule, the Second Circuit held that Goldberg had the right to make an appropriate disclosure with respect to his role in the public offering and in so doing, had the right to support his version of the facts with suitable evidence. In sum, the circuit court found that Goldberg, acting with reliance upon Rule DR4–101(C)(4) violated neither Canon 4 or Canon 9 of the Code of Professional Responsibility and concluded:

The burden of the District Court's order did not fall most harshly on Goldberg; rather its greatest impact has been felt by Bernson, Hoeniger, Freitag & Abbey, plaintiffs' counsel, which was disqualified from participation in the case. The District Court based its holding, not on the fact that the Bernson firm showed bad faith when it received Goldberg's affidavit, but rather on the fact that it was involved in a tainted association with Goldberg because his disclosures to them inadvertently violated Canons 4 and 9 of the Code of Professional Responsibility. Because there are no violations of either of these Canons in this case, we can find no basis to hold that the relationship between Goldberg and the Bernson firm was tainted. The District Court was apparently unpersuaded by appellees' salvo of innuendo to the effect that Goldberg "struck a deal" with the Bernson firm or

tried to do more than prove his innocence to them. Since its relationship with Goldberg was not tainted by violations of the Code of Professional Responsibility, there appears to be no warrant for its disqualification from participation in either this or similar actions.

*Meyerhofer v. Empire Fire and Marine Insurance Co.*, 497 F.2d at 1196.

*The Irrebuttable Presumption versus the Rebuttable Presumption Application.*

In the Court's view, this unique set of facts distills to the threshold question of whether the irrebuttable presumption of taint as contended for by the plaintiff should apply or whether the rebuttable presumption of taint as suggested by the defendants should apply to GSFN's dual relationship with Ashland and Einbund.

It is the position of the plaintiffs that when GSFN undertook the defense of Einbund in the malpractice action, the irrebuttable presumption that confidences passed from Einbund to GSFN as counsel representing Ashland took effect as a matter of law. Consequently, the Court has no obligation to determine or consider what factually happened, but rather is obligated to disqualify. The plaintiffs contend, analogizing the fact situation in *Hull v. Celanese Corp., supra*, that Einbund switched sides and joined the defense team, having originally been a member of the plaintiffs' team, and when the switching took place GSFN was tainted by the switch and disqualified.[4] If the irrebuttable presumption argument advanced by the plaintiffs prevails, the result is unequivocal, counsel for the defendants must be disqualified.

---

**4.** In the hearing conducted on July 26, 1984, Mr. Gold, on behalf of the plaintiffs, declared:

First of all, if there was any duty on anyone's part to raise this, it was the Gallagher firm's duty to do this initially. When Mr. Einbund came to them, it's at that point in time that they should have raised the question. Certainly this was an unusual situation. Here is Mr. Einbund who had represented the plaintiffs for a year and a half.
The Court: You are saying Mr. Stuhldreher should have recognized it?

Mr. Gold: Absolutely your honor, he should have recognized it at that time or Mr. Gallagher or someone in the firm.
The Court: Mr. Gallagher in effect says "I don't even know the case was in the house."
Mr. Gold: That's an irrelevant inquiry or statement of fact because as the cases show what one lawyer in the firm knows is presumed that the other lawyers in the law firm know. TR. at p. 16.

While many courts have recognized the irrebuttable presumption rule,[5] it has not been uniformly applied.[6]

As acknowledged by counsel for plaintiffs, the Sixth Circuit has not declared with respect to the irrebuttable presumption rule other than to recognize that district courts within the Sixth Circuit have written conflicting opinions with respect to the application of the irrebuttable presumption rule.[7]

In this Court's view, based upon the peculiar nature of the unique set of factual circumstances in this case, the issue of whether the presumption should be irrebuttable or rebuttable is a matter of first impression.

In addressing the nature of the presumption to be applied, the Court observes that in this case the normal internal office procedures that are designed to identify potential conflicts would have been unproductive in this factual setting. When the Einbund case was brought to GSFN by Einbund's carrier, neither Warpar or Randustrial were clients of GSFN. A routine check of GSFN's client list would not have revealed the potential conflict. Moreover, an examination of the plaintiff's complaint against Einbund (*see* appendix 1) would not have triggered any inquiry on behalf of GSFN. Plaintiff's initial complaint against Einbund failed to disclose that Einbund's prosecution of Warpar and Randustrial's case against Ashland was included as a part of the plaintiff's complaint against Einbund.

In weighing the question of whether the presumption should be irrebuttable or rebuttable, it must be remembered that not only is the public confidence with respect to the nature of representation by counsel involved in cases of this type, but also involved is the right of a client to select and be represented by counsel of its choice. In balancing these two conflicting considerations, it is the Court's view that application of the irrebuttable presumption rule in the unique factual setting in this case is unrealistic. To do so would be to elevate form over substance. In sum, the better approach in this case under the unique circumstances is to apply the rebuttable presumption rule. The Court takes comfort in this approach by the fact that Dan McGookey, counsel for the plaintiffs who filed the malpractice action against Einbund and also represents the plaintiffs in this action against Ashland, was aware of the dual representation issue as early as September of 1982, but failed to bring the matter to the Court's attention, but rather acquiesced in a continuation of the relationship.

Applying the rebuttable presumption as the standard, the Court turns now to the affidavits filed by the defendants in support of its opposition to the motion to disqualify.[8]

---

5. See *Emle Industries, Inc. v. Patentex,* 478 F.2d 562, 570–71 (2d Cir.1973); *Pennwalt Corp. v. Plough, Inc.,* 85 F.R.D. 264, 270–71 (D.Del.1980); *In Re Asbestos Cases,* 514 F.Supp. 914, 920–21 (E.D.Va.1981); *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.,* 559 F.2d 250, 252 (5th Cir.1977); *Trone v. Smith,* 621 F.2d 994, 998–999 (9th Cir.1980); *Industrial Parts Distributors, Inc. v. Fram Corp.,* 504 F.Supp. 1194, 1197 (D.Kan.1981).

6. *Novo Terapeutisk v. Baxter Travenol Laboratories,* 607 F.2d 186 (7th Cir.1979); *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715 (7th Cir.1982); *City of Cleveland v. Cleveland Electric Illuminating Co.,* 440 F.Supp. 193, *aff'd* 573 F.2d 1310 (6th Cir.1977).

7. In *General Electric Co. v. Valeron Corp.,* 608 F.2d 265 (6th Cir.1979), Judge Bailey Brown, writing for the Sixth Circuit recognized the possibility of conflict within the district courts in the circuit respecting whether or not irrebuttable presumption was to apply or not. In *General Electric Co.,* the trial court found such a presumption to apply but Judge Brown referred to the opinion of Judge Robert Krupansky, then a district court judge in the case of *City of Cleveland v. Cleveland Electric Illuminating Co.,* 440 F.Supp. 193 where Judge Krupansky identified the presumption as rebuttable although, as pointed out by Judge Brown, Judge Krupansky's identification of the rule may well be best characterized as dicta.

8. In support of the opposition to the motion to disqualify, Ashland filed a four page affidavit of George Stuhldreher (appendix 3), a two page affidavit of Michael R. Gallagher (appendix 4), and a three page affidavit of Alton Stephens (appendix 5).

George Stuhldreher attests that there has never been any contact or communications between Stuhldreher and the attorneys participating in the defense of this action Michael Gallagher and Stephens, and further, that he has never seen or had access to any corporate documents or records of either Randustrial or Warpar, or discussed or had access to any trial strategies or attorney-client communications from Einbund relating to the Ashland action, or had he any access to any work product, in any form, of the Sindell firm relating to the federal court action. Additionally, Mr. Stuhldreher attests that the claim respecting malpractice on the part of Einbund with respect to the Ashland case involved a single and narrow issue of the failure of Einbund to file an amended complaint to add Randustrial as a party defendant.

Mr. Gallagher, a senior member of GSFN, attests that he was aware that the firm was representing Einbund in the malpractice action but that he had seen only the initial complaint and was unaware of any other pleading in the Einbund action. Mr. Stephens attests that he has not gleaned any knowledge from the Einbund case with respect to the Ashland case.

■ In the Court's view, the presumption of taint by virtue of the Einbund representation has been rebutted by the affidavits submitted by Ashland. The plaintiff has not introduced any affidavits or other evidence that would factually demonstrate taint, relying instead upon the application of the irrebuttable presumption rule.[9]

■ Additionally, Ashland contends that plaintiffs are now estopped at this late date to raise the issue in view of the fact that McGookey knew of the dual representation as of September 28, 1982, when he undertook the prosecution of Warpar and Randustrial's case against Ashland. There is published authority on both sides of the estoppel issue. In the Court's view, estop-

pel is not a defense where the irrebuttable presumption rule applies. On the other hand, where the rebuttable presumption rule applies, estoppel likewise is a defense that can be raised.

■ The doctrine of equitable estoppel precludes a party from,

asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worst, and who, on his part, acquires some corresponding right, either of property, of contract, or of remedy.

*Precious Metals Assoc. v. Commodity Futures*, 620 F.2d 900, 908 (1st Cir.1980), *citing* 2 J. Pomeroy, Equity Jurisprudence, § 804 at 421–22 (3d Ed.1905).

Although McGookey was aware of the dual representation as of September 28, 1982, the motion to disqualify was not filed until July 9, 1984. During that period, a substantial amount of time was expended by attorneys at GSFN on behalf of Ashland. The time expended by GSFN amounts to detrimental reliance on the part of Ashland. If GSFN is now disqualified, Ashland will have expended a substantial sum of money for attorney's fees for time which would be of little value. Given this analysis, the Court finds that the plaintiffs are estopped at this late date to raise the issue of the qualification of GSFN based upon the Einbund defense. *See Central Milk Producers Co-Op v. Sentry Food Stores*, 573 F.2d 988, 992 (8th Cir.1978); *Jackson v. J.C. Penney Co., Inc.*, 521 F.Supp. 1032, 1034 (N.D.Ga.1981); *Redd v. Shell Oil Co.*, 518 F.2d 311, 315–316 (10th Cir.1975).

In opposition to the application of estoppel, plaintiffs contend that the issue was raised as soon as co-counsel from Pittsburgh, which entered the case in 1984,

---

9. The plaintiffs have filed no opposing affidavits but in the briefs accompanying the motion, the plaintiffs have urged a period of discovery if the Court applies the rebuttable presumption rule.

Given the Court's conclusion with respect to estoppel, the Court will not permit discovery at this late date.

ascertained that the disqualification issue existed because of the Einbund defense by GSFN. In the Court's view, rebuttal to the defense of estoppel is not accomplished by the claim that the issue was raised as soon as more alert counsel on behalf of the plaintiffs identified the issue. Plaintiffs are bound by the actions of their counsel and cannot take advantage of the insight of new co-counsel.

For the foregoing reasons, the motion to disqualify GSFN is overruled. This case is hereby rescheduled for trial on a standby basis for the two week period beginning on the 25th day of March, 1985. A separate trial schedule shall be issued with which counsel are to comply.

IT IS SO ORDERED.

### APPENDIX 1

### IN THE COMMON PLEAS COURT OF CUYAHOGA COUNTY, OHIO

Randustrial Corporation, 13311 Union Avenue, Cleveland, Ohio 44120, and Warpar Manufacturing Corporation, 13313 Union Avenue, Cleveland, Ohio 44120, and Willard A. Randorf, 34800 Cedar Road, Gates Mills, Ohio 44040, and Andrew J. Randorf, 33265 Wagon Wheel, Solon, Ohio 44139, Plaintiffs

vs.

Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik Co., L.P.A., Seventh Floor, Cuyahoga Building, 216 Superior Avenue at Public Square, Cleveland, Ohio 44114, and Lewis Einbund, Seventh Floor, Cuyahoga Building, 216 Superior Avenue at Public Square, Cleveland, Ohio 44114, Defendants

### COMPLAINT:

"JURY DEMAND ENDORSED HEREON"

\* \* \* \* \* \*

### COUNT I

1. Plaintiffs, Randustrial Corporation and Warpar Manufacturing Corporation, are corporations duly organized under the laws of the State of Ohio with their principal offices in Cleveland, Ohio.

2. Defendant, Sind, Sind, Selker, Rubenstein, Einbund & Pavlik Co., L.P.A., is a legal professional association with its principal office in Cleveland, Ohio. Defendant, Einbund, currently is, and has been a stockholder in said association, since approximately 1978.

3. Defendant Einbund is, and at all times hereinafter mentioned was, an attorney at law duly admitted to practice in the State of Ohio.

4. From approximately 1972 through June 1981, Defendant Einbund served as the general corporate counsel for Plaintiffs Randustrial Corporation and Warpar Manufacturing Corporation, handling, either personally or through others under his direction and control, all local civil matters of said Plaintiffs.

5. Throughout the period mentioned in Paragraph 4 hereof, Defendant Einbund served as the personal counsel for Defendants Willard A. Randorf and Andrew J. Randorf.

6. Defendant Einbund, and through him, Defendant Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik Co., L.P.A. negligently represented Plaintiffs in numerous legal matters, resulting in damages being suffered by Plaintiffs.

### COUNT II

7. Plaintiffs restate each and every allegation in Count I as if fully set forth herein.

8. Defendants unilaterally terminated their representation of Plaintiffs in numerous legal matters in June, 1981. Such termination was without the permission of Plaintiffs and was without just cause.

9. As a result of Defendants said unilateral termination, Plaintiffs have suffered substantial injuries.

### COUNT III

10. Plaintiffs restate each and every allegation in Counts I and II as if fully set forth herein.

11. Defendant Einbund, while acting as counsel for Plaintiffs, made numerous false material representations to Plaintiffs with regard to legal matters entrusted to him.

12. As a result of Defendant Einbund's said false representations, Plaintiffs' have suffered substantial injuries.

## COUNT IV

13. Plaintiffs restate each and every allegation in Counts I, II and III as if fully set forth herein.

14. Defendant Einbund by oral agreement, borrowed for his personal use an automobile belonging to Plaintiff Randustrial Corporation, upon his promise to return said automobile within a few weeks time.

15. Defendant Einbund failed to return said automobile as promised, depriving said Plaintiff of the use thereof. When said Defendant returned said automobile, it was in damaged condition and required repairs.

16. As a result of Defendant Einbund's breach of promise and his failure to return said automobile in undamaged condition, Plaintiff Randustrial Corporation has suffered substantial injuries in excess of Six Thousand Dollars ($6,000.00).

WHEREFORE, Plaintiffs pray for judgment against Defendants for the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages and for the sum of One Hundred Thousand Dollars ($100,000.00) in punitive damages and for costs and attorney's fees. Plaintiff Randustrial Corporation further prays for judgment against Defendant, Einbund for the sum of Six Thousand Dollars ($6,000.00) as compensatory damages for injuries sustained as alleged in Count IV hereof.

/s/ Dan L. McGookey
Dan L. McGookey, Of Counsel
MUEHLHAUSER, LUCAL &
PFEFFERLE
P.O. Box 790
Sandusky, Ohio 44870
Attorney for Plaintiffs

### JURY DEMAND

Plaintiffs demand a trial by jury in this action.

/s/ Dan L. McGookey
Dan L. McGookey, Of Counsel
MUEHLHAUSER, LUCAL &
PFEFFERLE

## APPENDIX 2

### IN THE COMMON PLEAS COURT OF CUYAHOGA COUNTY, OHIO

Randustrial Corporation, et al., Plaintiffs

vs.

Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik Co., L.P.A., et al., Defendants

CASE NO: 040184

JUDGE JOSEPH F. McMANAMON
DEFINITE STATEMENT

\*       \*       \*       \*       \*       \*

Plaintiffs, pursuant to the Order of this Court entered on June 30, 1982, in which the Motion of Defendants for a definite statement was granted as to various matters therein requested, makes the following averments, in complaince with said Order of the Court:

1. As to Paragraph 6 of Plaintiffs' Complaint, Plaintiffs state that the following is a list, complete to the best of Plaintiffs' knowledge and belief, of the matters in which Defendants negligently represented Plaintiffs:

A. Warpar Manufacturing Corporation and Randustrial Corporation v. Ashland Oil Co., Inc. and Ashland Petroleum Company, U.S. District Court, Northern District of Ohio, Eastern Division, Case No. C78–1562.

B. Corondolet Liquidating Trust v. Randustrial Corporation, Common Pleas Court, Cuyahoga County, Case No. 018501.

C. James E. Weist v. Randustrial Corporation, et al., Common Pleas Court, Cuyahoga County, Case No. 010458.

D.   Michael Hancock and Cindy Hancock v. Randustrial Corporation, et al., U.S. District Court, Northern District of Ohio, Eastern Division, Case No. C80–88.

E.   Arthur Washington v. Randustrial Corporation, U.S. District County, Northern District of Ohio, Eastern Division, Case No. C80–2363.

F.   Pullman Trailmobile v. Randustrial Corporation, Municipal Court of Garfield Heights, Ohio, Case No. 80–CRF–70.

G.   Randustrial Corporation v. Donald G. Stewart, Municipal Court of Cleveland, Ohio, Case No. 81–3–137.

H.   Margaret Miller v. Randustrial Corporation, Common Pleas Court, Cuyahoga County, Case No. 25017.

I.   Randustrial Corporation v. Insul-All Urethane, Superior Court of Allen County, Indiana, Case No. 574–2214.

J.   Lawrence R. McCoy & Company, Inc. v. Randustrial Corporation, Municipal Court of Cleveland, Ohio, Case No. B–100127.

K.   Firemans Fund Insurance Co. v. Randustrial Corporation (Case designation unknown at present).

L.   Raymond L. Boughner v. Randustrial Corporation, Common Pleas Court, Cuyahoga County, Case No. 79–003–096.

M.   Ulmer Berne, Laronge, Glickman & Curtis v. Willard Randorf and Barbara J. Randorf, Municipal Court of Cleveland, Ohio, Case No. 80–CVF–17335.

N.   Cooper-Jarrett, Inc. v. Randustrial Corporation, Municipal Court of Cleveland, Ohio, Case No. 79–CVF–29529.

O.   Norman E. Weiss, Trustee v. Randustrial Corporation, Common Pleas Court of Luzerne County (Pa.), Case No. 6467.

P.   Randustrial Corporation v. Branch Motor Express Co., Municipal Court of Cleveland, Ohio, Case No. 80–CVE–38294.

2.   As to Paragraph 8 of Plaintiffs' Complaint, Plaintiffs state that the following is a list, complete to the best of Plaintiffs' knowledge and belief, of the matters in which Defendants unilaterally terminated their representation of Plaintiffs:

A.   Warpar Manufacturing Corporation and Randustrial Corporation v. Ashland Oil Co., Inc. and Ashland Petroleum Company, U.S. District Court, Northern District of Ohio, Eastern Division, Case No. C78–1562.

B.   Norman E. Weiss, Trustee v. Randustrial Corporation, Common Pleas Court of Luzerne County (Pa.), Case No. 6467.

C.   Michael Hancock and Cindy Hancock v. Randustrial Corporation, et al., U.S. District Court, Northern District of Ohio, Eastern Division, Case No. C80–88.

D.   J.M. Mannewitz, d.b.a. Mannewitz Enterprises v. Randustrial Corporation, U.S. District Court, Northern District of Texas, Dallas Division, Case No. CA3–80–1438–D.

E.   Randustrial Corporation v. Insul-All Urethane, Superior Court of Allen County, Indiana, Case No. 574–2214.

F.   Randustrial Corporation . v. Linda Feigenbaum, Common Pleas Court, Cuyahoga County, Case No. 21785.

G.   Randustrial Corporation v. Naomi Peterson, Common Pleas Court, Cuyahoga County, Case No. 028492.

H.   Mt. Pleasant Advertising, Inc. v. V.W.R. Scientific, Inc., et al. Common Pleas Court, Cuyahoga County, Case No. 012941.

I.   Lawrence R. McCoy & Company, Inc. v. Randustrial Corporation, Municipal Court of Cleveland, Ohio, Case No. B–100127.

J.   Raymond L. Boughner v. Randustrial Corporation, Common Pleas Court, Cuyahoga County, Case No. 79–003–096.

K.   Warpar Manufacturing Corporation, et al. v. Mineral Fiber Manufacturing Corporation, Common Pleas Court, Coshocton County, Case No. 80–01–399.

L. William Aluise v. Randustrial Corporation, District Court 07-1-03 of Levittown, Pa., Case No. X-80-3-804.

M. Theodore R. Call v. Randustrial Corporation, Municipal Court of Marion, Indiana, Case No. M-780-1604.

N. Randustrial Corporation v. Charles Douglas Clark, Common Pleas Court, Cuyahoga County, Case No. 029983.

O. Richard M. Eskin v. Randustrial Corporation, District Court of Hingham, Mass., Case No. 25252.

P. Thomas C. Glosup v. Randustrial Corporation, County Court at Law # 2 of Dallas, Texas, Case No. CC80-1357-B.

Q. Randustrial Corporation v. Michael P. Hayes, Illinois Dept. of Labor, Chicago, Ill., Case No. 80-2165.

R. Randustrial Corporation v. William S. Little, Jr., American Arbitration Association, Cleveland, Ohio, Case No. 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.

S. Robert J. McLelland v. Randustrial Corporation, State Court of Fulton County, New York, Case No. 753401.

T. Randustrial Corporation v. Lewco Products and Lewis Popma, U.S. District Court, Western Division of Michigan, Case No. G80-927-CA1.

U. Randustrial Corporation and Warpar Manufacturing Corporation v. Thomas Seidelson, American Arbitration Association, Cleveland, Ohio (Case no. unknown).

V. Randustrial Corporation v. James R. Stavolo, American Arbitration Association, Cleveland, Ohio, Case No. 5310-015380.

W. Randustrial Corporation v. John McGlynn, Common Pleas Court, Cuyahoga County, Case No. 21600.

3. As to Paragraph 11 of Plaintiffs' Complaint, Plaintiffs state that the following is a list, complete to the best of Plaintiffs' knowledge and belief, of the matters in which false representations were made by Defendant Einbund to Plaintiffs, and the nature of such false representations:

A. Warpar Manufacturing Corporation and Randustrial Corporation v. Ashland Oil Co., Inc. and Ashland Petroleum Company, U.S. District Court, Northern District of Ohio, Eastern Division, Case No. C78-1562—In this matter, Defendant Einbund falsely represented to Plaintiffs that he talked with other attorneys who might assist as co-counsel in the case after being requested to do so by Plaintiffs, and that said attorneys were unwilling to serve as such co-counsel. Further, Defendant attempted to enter an unauthorized settlement in the case and subsequently denied doing so. Defendant further falsely represented to Plaintiffs that he actively opposed bifurcation of the trial of the case on the liability and damage issues.

Dan L. McGookey, Of Counsel
LUCAL, PFEFFERLE & McGOOKEY
502 W. Washington Street
P.O. Box 357
Sandusky, Ohio 44870
Attorney for Plaintiffs

CERTIFICATION

This is to certify that a copy of the foregoing Definite Statement was sent by regular U.S. mail to George W. Stuhldreher, Attorney for Defendants, Sixth Floor-Bulkley Building, 1501 Euclid Avenue, Cleveland, Ohio 44115, this _____ day of _____, 1982.

Dan L. McGookey, Of Counsel
LUCAL, PFEFFERLE & McGOOKEY

APPENDIX 3
STATE OF OHIO:

SS:

COUNTY OF CUYAHOGA:

AFFIDAVIT OF GEORGE W. STUHLDREHER

GEORGE W. STUHLDREHER, being first duly sworn according to law, deposes and states that:

1. I am a partner in the law firm of Gallagher, Sharp, Fulton & Norman and am the attorney of record for Lewis Einbund in a legal malpractice claim asserted against him by Randustrial Corporation, Warpar Manufacturing Corporation, and Willard and Andrew Randorf. That malpractice action was originally filed on March 8, 1982 and was captioned *Randustrial Corporation, et al., v. Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik*, No. 40184, Court of Common Pleas, Cuyahoga County.

2. This malpractice action was filed by Attorney Dan L. McGookey of the law firm of Lucal, Pfefferle & McGookey of Sandusky, Ohio. Attorney Dan L. McGookey remained counsel for Randustrial in the legal malpractice action until June, 1984. That action was dismissed without prejudice at plaintiffs' costs by the court on June 12, 1984.

3. I was originally retained by the Sindell firm's professional liability insurance carriers, INAPRO and National Union Insurance Company, to defend the Sindell firm and Mr. Einbund.

4. On behalf of Mr. Einbund and the Sindell firm, I prepared and filed a Motion for Definite Statement under Ohio Civil Rule 12 on June 2, 1982. Thereafter, I prepared and filed an Answer to the Complaint on August 18, 1982. In accordance with the applicable Civil Rules, a copy of the Motion for Definite Statement and the Answer to the Complaint were duly served by regular U.S. mail on plaintiffs' attorney Dan L. McGookey. A copy of the Complaint is annexed as Attachment 1, a copy of the Motion for Definite Statement as Attachment 2, a copy of the Definite Statement filed by Mr. McGookey as Attachment 3, and a copy of the Answer to the Complaint as Attachment 4.

5. Attorney Einbund has consented to my representation of him and the Sindell firm in the legal malpractice action. I have on more than one occasion met with Attorney Dan McGookey in his representation of Randustrial and Warpar in the malpractice action. He has never, either verbally or in writing, discussed or in any manner objected to my legal representation of Mr. Einbund and the Sindell firm. Mr. McGookey never mentioned or in any manner objected to this law firm's representation of Ashland Oil, Inc. in the case of *Warpar Manufacturing Corporation, et al., v. Ashland Oil, Inc.*, Case No. C78–1562, pending before this Court, despite Mr. McGookey's knowledge of my representation of Mr. Einbund in the malpractice action and Michael R. Gallagher and Alton L. Stephens' representation of Ashland Oil since the inception of the federal district court litigation.

6. To the best of my knowledge and professional judgment, the legal malpractice action (as it relates to the Ashland case) involved the single and narrow issue of the failure to file an Amended Complaint in the federal court action to add Randustrial Corporation as a party plaintiff. I discussed the plaintiffs' claims with Mr. McGookey on various occasions and at no time did he state that Mr. Einbund was negligent in any other respect relating to the Ashland case. To the best of my knowledge and professional judgment, the legal malpractice action has not involved and does not involve any factual or legal matter regarding the merits of plaintiffs' claims in the federal court action.

7. During the course of my representation of Mr. Einbund, I have never seen or had access to any corporate documents or records of Randustrial Corporation or Warpar Manufacturing Corporation. At no time have I ever discussed or had access to any trial strategies or attorney-client communications from Mr. Einbund relating to the federal court action. Nor have I seen or had access to any work product in any form of the Sindell firm relating to the federal court action. These matters were not discussed between Mr. Einbund and me. Nor were any such documents ever reviewed. For the reason that it was not deemed necessary by myself or Mr. Einbund to do so in defense of the malpractice action, I do not even know if such documents exist. Such information and docu-

mentation are not in any way related to the malpractice claim.

8. At no time have I ever communicated with Attorneys Michael R. Gallagher and/or Alton L. Stephens regarding the factual and legal merits of the malpractice action or of the federal court litigation.

9. No depositions were ever taken in the malpractice action. The only documents I had access to and reviewed in the malpractice action were the billing time slips of Mr. Einbund and the Sindell firm and these were provided to the McGookey firm pursuant to a Request for Production for same. The only other discovery initiated in the malpractice action was two Interrogatories to the defendants filed on or about May 10, 1984 which requested the identity of trial witnesses and the subject matter of their testimony. A copy of such Interrogatories is annexed as Attachment 5.

Further affiant saith not.

/s/ George W. Stuhldreher
GEORGE W. STUHLDREHER

SWORN TO before me and subscribed in my presence this 25th day of July, 1984.

/s/ William H. Cromwell
NOTARY PUBLIC

APPENDIX 4

STATE OF OHIO:

SS:

COUNTY OF CUHAHOGA:

AFFIDAVIT OF MICHAEL R. GALLAGHER

MICHAEL R. GALLAGHER, being first duly sworn according to law, deposes and states that:

1. I am a partner in the law firm of Gallagher, Sharp, Fulton & Norman and am an attorney of record for Ashland Oil, Inc. and the Ashland Petroleum Company in the litigation styled *Warpar Manufacturing Corporation, et al., v. Ashland Oil, Inc., et al.* I have been an attorney of record for Ashland since the inception of that lawsuit in November, 1978. James E.

McGookey and Dan L. McGookey have been attorneys of record for the plaintiff in this action since about September 28, 1982, the date of a letter from the McGookey firm to the Clerk of Courts, a copy of which was sent to me on or about the same date.

2. I have read Plaintiffs' Motion to disqualify this firm from further representation of Ashland in the *Warpar v. Ashland* lawsuit, along with the supporting brief.

3. I have been aware of the existence of Randustrial's lawsuit against Lewis Einbund from the time it was referred to George Stuhldreher of our firm for defense, and I read the complaint when it first came in, in the spring of 1982. I have seen no other pleadings filed in the case. I have not seen any other materials in the Einbund file.

4. I have no recollection of the allegations of the complaint against Mr. Einbund, and do not to this day know what they involve beyond what I have learned from reading plaintiffs' Motion to disqualify.

5. I have never discussed the substance of or the merits of the plaintiffs' action against Mr. Einbund with Mr. Stuhldreher or anyone else.

6. I know for a fact that we have learned nothing of plaintiffs' trial strategies, confidences or attorney work product relating to the Warpar case as a consequence of Mr. Stuhldreher's representation of Mr. Einbund. There has been no impropriety whatever.

7. There is no basis for plaintiffs' Motion to disqualify this firm, and to grant that Motion would extremely prejudice our client, Ashland Oil, Inc.

Further affiant saith not.

/s/ Michael R. Gallagher
MICHAEL R. GALLAGHER

SWORN TO before me and subscribed in my presence this 25th day of July, 1984.

/s/ William H. Cromwell
NOTARY PUBLIC

APPENDIX 5

STATE OF OHIO:

SS:

COUNTY OF CUYAHOGA:

AFFIDAVIT OF ALTON L. STEPHENS

ALTON L. STEPHENS, being first duly sworn according to law, deposes and states that:

1. I am a partner in the law firm of Gallagher, Sharp, Fulton & Norman and am an attorney of record for Ashland Oil, Inc. and the Ashland Petroleum Company in the litigation styled *Warpar Manufacturing Corporation, et al., v. Ashland Oil, Inc.*, et al. I have been an attorney of record for Ashland since the inception of that lawsuit in November, 1978.

2. I have read Plaintiffs' Motion to disqualify this firm from further representation of Ashland in the *Warpar v. Ashland* lawsuit, along with the supporting brief.

3. I have been aware for some time that George Stuhldreher of this firm represented Lewis Einbund in a "malpractice" action brought against him by the Randorfs or their companies, Warpar and/or Randustrial.

4. I have never seen the complaint or any other pleading in that "malpractice" action.

5. I do not know what the allegations are in that suit, nor do I know that that lawsuit arose from Mr. Einbund's representation of the plaintiffs in the *Warpar v. Ashland* suit, except for what has been stated in plaintiffs' motion to disqualify. It was and has been my understanding that Mr. Einbund's firm represented the Randorfs and their companies in other matters, including corporate matters.

6. I have never seen or looked at Mr. Stuhldreher's file on the Einbund "malpractice" action.

7. I have never discussed the substance of or the merits of the Einbund "malprac-tice" action with Mr. Stuhldreher or anyone else.

8. The *Warpar v. Ashland* suit has been an extremely complex one, the preparation of which has included the taking of many technical depositions and the involvement of expert chemists, asphalt emulsion handling and manufacturing experts, accountants and economists. Michael Gallagher and I have been intimately involved in the preparation of this case at all stages. I have checked our billing records and have learned that up to June, 1984, Mr. Gallagher has devoted 354.75 hours to this case, that I have devoted 693.25 hours to this case, and that others in our firm have devoted 403.75 hours.

9. I do not believe that a new firm of attorneys could reasonably be expected to develop the understanding of this case that Mr. Gallagher and I have acquired in the last five and one-half years, and believe further that the prejudice to our client if such were ordered would be extreme.

10. In summary, there has been no impropriety, there is no factual basis for plaintiffs' motion to disqualify, and there is no justification for subjecting Ashland Oil to the irremediable prejudice which would result from granting plaintiffs' motion.

Further affiant saith not.

/s/ Alton L. Stephens
ALTON L. STEPHENS

SWORN TO before me and subscribed in my presence this 24th day of July, 1984.

_____
NOTARY PUBLIC