WARPAR MANUFACTURING CORP.,
et al., Plaintiffs,

v.

ASHLAND OIL, INC., et al.,
Defendants.

No. C78–1562.

United States District Court,
N.D. Ohio, E.D.

Feb. 12, 1985.

Larry K. Elliott, Cloyd R. Mellott, Edwin L. Klett, Eckert, Seamans, Cherin, Mellott, Pittsburgh, Pa., for plaintiffs.

Michael Gallagher, Gallagher, Sharp, Fulton, Norman & Mollison, Cleveland, Ohio, for defendants.

## ORDER

DOWD, District Judge.

On July 9, 1984, the plaintiffs filed a motion to disqualify counsel for the defendants, the law firm of Gallagher, Sharp, Fulton and Norman (GSFN), approximately six weeks before the trial in this matter was scheduled to go forward. On December 21, 1984, the Court filed an opinion and order denying plaintiffs' motion to disqualify defendants' counsel. 606 F.Supp. 852. On January 8, 1985, the Court denied the plaintiffs' motion to engage in discovery and to have an evidentiary hearing on the alleged conflict of interest of GSFN. On January 15, 1985, the plaintiffs' appealed the decisions of this Court dated December 21, 1984 and January 8, 1985.

Subsequently, on February 7, 1985, this case having been scheduled for trial on

March 25, 1985, counsel for the plaintiffs filed a motion to stay the proceedings in this case by virtue of the fact that plaintiffs had filed a notice of appeal with the Court of Appeals for the Sixth Circuit. For the reasons which follow, the motion to stay is denied.

■ The general rule governing district courts is that the filing of a notice of appeal with the district court clerk deprives the district court of jurisdiction in a case regarding matters raised on appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir.1984). However, there is a recognized exception to this rule "when the notice of appeal is from a patently non-appealable order." *Holloway*, 740 F.2d at 1382; *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982).

■ It is well established that the denial of a motion to disqualify counsel is not a final appealable order. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). In *Firestone*, the Supreme Court reasoned that,

> [t]he decision whether to disqualify an attorney ordinarily turns on the peculiar fact situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.... Permitting wholesale appeals on that ground [that orders may be erroneous] not only would constitute an unjustified waste of scarce judicial resources, but also would transform the limited exception carved out on *Cohen*[1] into a license for broad

disregard of the finality rule imposed by Congress in § 1291.[2]

*Id.* at 377–78, 101 S.Ct. at 675–76. *See also United States v. Caggiano*, 660 F.2d 184, 189 (6th Cir.1981), *cert. denied* 455 U.S. 945, 102 S.Ct. 1444, 71 L.Ed.2d 658 (1982) (recognizing and following the rule enunciated in *Firestone Tire*.)

The Court held an evidentiary hearing on the motion to disqualify GSFN on July 26, 1984. At the hearing the plaintiff was given a full and fair opportunity to present evidence regarding any alleged taint of GSFN. However, counsel for the plaintiff declined to offer any evidence and instead argued that GSFN should be disqualified as a matter of law. It was not until after the Court denied the motion to disqualify GSFN, that plaintiffs requested discovery and an evidentiary hearing on the alleged conflict of interest of GSFN.

■ Even assuming *arguendo* that plaintiffs were entitled to conduct discovery and have a second evidentiary hearing following the Court's denial of the motion to disqualify and assuming arguendo that the discovery would reveal a conflict of interest by GSFN, it would simply amount to an error reviewable on appeal if the defendants prevailed on a trial on the merits. Such an alleged error by this Court would have no greater consequence to the plaintiffs than any other error which would lead to a trial on the merits with plaintiffs having the right to appeal if defendants prevail. As noted by the Supreme Court, conducting the trial with counsel that should have been disqualified does not "indelibl[y] stamp or taint" the proceedings. *Firestone Tire*, 449 U.S. at 376, 101 S.Ct. at 674.

■ Consequently, because it is a well established rule that a denial of a motion to disqualify counsel is not a final appealable

---

**1.** In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Court defined a narrow exception to the rule forbidding interlocutory appeals. The Court held a small class of orders which did not end the main litigation were nevertheless final and appealable when the district court's order constituted a final determination of a claim sepa-

rate and collateral to the merits of the main proceeding and the determination is important and independent enough to require appellate consideration be deferred until the entire case is adjudicated.

**2.** 28 U.S.C. § 1291.

order and because this case fits squarely within the rule, the Court concludes plaintiffs' appeal is from a patently nonappealable order. Accordingly, plaintiffs' motion to stay is denied; this case remains on the trial calendar for March 25, 1985.

IT IS SO ORDERED.