**In the Matter of Vera L. BRANTLEY, Debtor. (Two Cases)**

**Bankruptcy Nos. 1–87–03386, 1–87–04246.**

United States Bankruptcy Court, S.D. Ohio, W.D.

April 8, 1988.

Donald A. Shabazz, Cincinnati, Ohio, for debtor.

Mark A. Greenberger, Cincinnati, Ohio, trustee.

## ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

These Chapter 7 cases are before the Court pursuant to a motion for sanctions filed by the trustee in Case No. 1–87–04246.[1] Pursuant to a hearing on this motion held on March 30, 1988, the Court hereby submits the following findings of fact and conclusions of law.

On September 28, 1987 Vera L. Brantley, represented by attorney Donald A. Shabazz, filed a Chapter 7 petition which commenced Case No. 1–87–03386. The petition was not accompanied by schedules of assets and liabilities, current income and expenditures, a statement of financial affairs, or a statement of executory contracts as required by Bankruptcy Rule 1007(b), nor were these documents filed within 15 days thereafter as required by Bankruptcy Rule 1007(c). Notwithstanding repeated inquiries by the office of the Clerk of Courts, these documents were never filed. Finally, on November 18, 1987 this case was dismissed.

On December 2, 1987, a photostatic copy of the September 28, 1987 petition was filed by Mr. Shabazz on behalf of Brantley, initiating Case No. 1–87–04246. A schedule of assets and liabilities and statement of affairs was filed, but neither document was signed by the debtor or the attorney.

---

1. ITT Financial also filed a motion for sanctions, but subsequently withdrew its motion.

Sometime thereafter, the debtor contacted the Clerk's office and stated that she no longer wanted Mr. Shabazz to represent her.

On December 9, 1987, Barbara Ullman, Deputy-in-charge of the Cincinnati Clerk's office, sent Mr. Shabazz a letter outlining the deficiencies of the petition and schedules, and pursuant to directions from the undersigned, informed counsel that these problems were to be corrected within ten days. Mr. Shabazz was also required to submit an affidavit from Vera Brantley indicating that Mr. Shabazz was still representing her.

On December 21, 1987, some twelve days later, Mr. Shabazz filed a new petition and the required affidavit, but failed to correct the problems in the schedules noted by the Deputy-in-Charge.

At the February 18, 1988 § 341 meeting, the trustee noted that the schedules and other required documents were not only unexecuted, but inaccurate. A $100,000 term insurance policy was not listed, nor was there any mention of the debtor's interest in certain real estate. The trustee directed that Mr. Shabazz file amended schedules within seven days. When Mr. Shabazz failed to do so, the trustee filed the motion here in question. Mr. Shabazz finally filed amended schedules and statements on March 4, 1988, but certain inadequacies persist. For example, the summary of debts is inaccurately reflected as $0. The debtor's statement of intention indicates that she intends to surrender none of her property which is subject to a security interest, and she further states that she intends to avoid the lien on such property under § 522(f). However, her secured creditors are all consensual lienholders. The law has been settled in the Sixth Circuit since 1984 that these kinds of liens cannot be avoided under § 522(f). *In re Spears*, 744 F.2d 1225 (6th Cir.1984); *In re Pine*, 717 F.2d 281 (6th Cir.1983); *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984).

While not disagreeing with this recitation of the facts, Mr. Shabazz attributed his conduct in part to confusion generated by a change of office locations and a disagreement with his client over fees. He further noted that while the trustee requested that the schedules be amended within seven days, Local Bankruptcy Rule 3.2 allows 20 days in which to respond to a trustee's requests for additional information, and that he complied with this rule. We find these excuses unavailing. First, the information sought by the trustee, i.e. complete, accurate, and signed schedules and statements, should have been filed with the petition or within fifteen days thereafter under Bankruptcy Rule 1007. The trustee should not have been required to ask for these documents at all. Second, the trustee's request was only the latest in a long series of previous requests by the Clerk's office which went largely unheeded. Finally, never once did Mr. Shabazz request an extension of time to complete the schedules, either from the undersigned or the trustee.

The obvious explanation for counsel's conduct in these cases is simply a total disregard of applicable law and this Court's requirements, as well as for the needs of his client. Over 4600 bankruptcy cases are filed annually in this Court's Cincinnati location. Neither the Court nor the Clerk's office nor the trustees have the time or the resources to pursue lawyers who fail to do what is required of them. More importantly, we should not have to.

The trustee's motion fails to indicate what rule or statute he is proceeding under, and he has declined to indicate what sanction might be appropriate. Arguably, counsel might be sanctioned under Bankruptcy Rule 9011. However, that rule requires a signed document as a prerequisite to its applicability. *In re Ruben*, 825 F.2d 977, 984 (6th Cir.1987). The only documents signed by Mr. Shabazz were the petitions and an application to amend the schedules, and neither of these documents appears to meet the tests for imposing sanctions under Bankruptcy Rule 9011.

As noted above, the problem presented here centers not on what counsel did, but on what he failed to do. Even if counsel's conduct may not fit within the rules gov-

erning sanctionable conduct, this Court has the inherent authority and responsibility to supervise members of its bar and to insure that they maintain appropriate standards of professional competence and conduct. *In re Snyder*, 472 U.S. 634, 643–44, 105 S.Ct. 2874, 2880–81, 86 L.Ed.2d 504, 512 (1985); *Warpar Mfg. Corp. v. Ashland Oil, Inc.*, 606 F.Supp. 852, 854 (N.D.Ohio 1984). Putting aside the question of sanctions, the egregious nature of counsel's conduct in these cases requires that action be taken to prevent its recurrence. Accordingly, the motion for sanctions will be DENIED. However, should Donald A. Shabazz engage in similar conduct in the future, or otherwise fail to follow the rules and requirements of this Court, the undersigned hereby recommends to Chief Judge Burton Perlman that an evidentiary hearing be held to determine whether he should be suspended from practicing law in the United States Bankruptcy Court for the Southern District of Ohio.

IT IS SO ORDERED.